## No. 1074.

CAROLINE BURGESS ET AL. VS. M. T. GORDY, SHERIFF, ET AL.

The creditor with special mortgage has the right to foreclose it on a part only of the property mortgaged, and is not compelled to make the whole of said property contribute to the payment of his debt.

It is not an open question any more, that when a writ of seizure and sale is arrested by injunction and the injunction afterwards dissolved, the seizing creditor cannot obtain his damages by the judgment dissolving the injunction, but must bring an action on the bond.

APPEAL from the Nineteenth Judicial District Court, parish of St. Mary. *Goode, J.*

A. C. Allen for Plaintiffs and Appellants.

D. Caffery for Defendants and Appellees.

First—Where one proceeds *via executiva* under a mortgage with the *pact de non alienando* against property in the hands of a third possessor, the latter can urge no defense that the mortgagor could not. Louque's Digest, p. 442, No. 11.

Second—The mortgage is indivisible, and clings to each and every portion of the mortgaged property. C. C. 3282.

For that reason, where the mortgage has been released on a portion of the property mortgaged, it clings, in its entirety and indivisibility, to the remaining portion. 10 R. 45 ; 31 An. 789, Powell vs. Hays.

Third—One who promises to pay the vendee's mortgage, in his purchase of the mortgaged property, is not, properly speaking, a third possessor. Louque, p. 442, No. 10.

Fourth—When an injunction is sued out against an order of seizure and sale, and the injunction is dissolved, judgment *in solido* for damages against the principal and sureties on the injunction bond should be rendered, according to Art. 304, Rev. C. P., *vide* 10 La. 517, McMillen vs. Gibson ; 6 R. 450 ; 8 An. 457 ; 12 An. 237.

The opinion of the Court was delivered by

LEVY, J.   T. M. Lanahan, acting under a power of attorney from its owners, on the 4th of February, 1876, sold to W. S. Torian a plantation, in the parish of St. Mary, lying on both sides of the Bayou Teche.   The consideration of this sale was the sum of $20,000, of which $5000 was paid in cash, and for the balance the purchaser executed his four promissory notes, one for $1000 payable on May 4th, 1876, and the others for $4666 66⅔ each, payable respectively on the 4th of February, 1877, 1878 and 1879.   On the 17th of February, 1876, Torian sold to H. J. Sanders and wife, jointly, that portion of the plantation lying on the east side of the Teche, for the price of $11,000, of which $6000 was paid in cash, and for the balance of $5000 they gave their two notes of $2500 each, payable respectively one and two years from day of sale.

On the 19th of April, 1876, Torian sold to Adolphus Maes, Robert Maes and L. N. Burgess, in equal undivided ownership, the portion of the plantation lying on the west side of the Teche, for the price of $13,000, of which $5000 was paid in cash, and for the balance of the purchase money they assumed the payment of Torian's note to Lanahan for $4666 66⅔, falling due on February 4th, 1879, and $3333 33½ on a credit to 1st of January, 1877, for which no note was given.

The sale from Lanahan to Torian was with the *pact de non alienando*, and the notes for the credit terms were, in the act of sale, secured by special mortgage and vendor's privilege.

On the 13th of December, 1877, Burgess, by *dation en paiement*, conveyed his third of the property bought from Torian to his wife, Mrs. Caroline Burgess, who also bought, on 23d March, 1877, from Adolphus Maes his third of the plantation on the west side of the bayou.

In February, 1879, Lanahan obtained an order of seizure and sale to satisfy the note for $4666 66⅔ due 4th February, 1879, it being the note of Torian given for part of the purchase price, the payment of which had been assumed by Burgess, and A. & R. Maes, in the Act of 19th April, 1876.   That portion of the plantation lying on the east side of the bayou, acquired by Torian, and sold to Sanders and wife, was released from seizure by the plaintiff, who confined the execution of the writ to the land on the west side of the bayou, then in the possession and ownership of Mrs. Burgess and Robert Maes.

Mrs. Burgess and Maes obtained an injunction inhibiting the sale of the property which had been seized.   The injunction suit was tried, and by judgment of the Nineteenth Judicial District Court it was decreed that the injunction be dissolved, with costs, that the sale enjoined be proceeded with according to law, and that defendant's right of action on the injunction bond for damages be reserved to him.

The appellee, in his answer to this appeal, asks that the judgment

of the lower court be amended, and that this Court may render judgment against the principal and sureties on the injunction bond, for special damages as attorney's fees of $400, and ten per cent legal damages on the amount of the note on which the writ is based, and that in other respects the judgment be maintained.

The allegations furnishing the ground on which the appellants sought their injunction, were as follows:

1st.　Want of notice to pay or notice of seizure to plaintiffs in injunction.

2d.　Because the note, the payment of which is sought to be enforced by the writ of seizure and sale, is not the property of the seizing creditor, Lanahan, who cannot, therefore, sue as owner.

3d.　That the note is secured by a mortgage on the whole plantation lying on both sides of the Bayou Teche; that the property seized and advertised for sale is only a portion of that mortgaged to secure the payment of the note; that the mortgage rests on the whole property, and plaintiff cannot sell a portion of the mortgaged premises to pay the entire mortgage debt, which rests alike on the whole; that the whole property should contribute to the payment of the debt, and should be seized as an entirety, and that the mortgage cannot be divided, being, in its nature, indivisible.

The only one of these grounds on which there is any testimony in the record, or which seems to have been seriously or earnestly contended for by the appellants, is that in regard to the indivisibility of the mortgage as affecting the right to proceed under the seizure and sale against the portion of the plantation owned by the appellants.　Appellants strenuously urge their right to have the property which was sold to Sanders and wife subjected to discussion, and indeed the claim of discussion seems to us to constitute the gist, if not the sole object, of this litigation, as far as appellants are concerned.　It is very clear to us, that the right of discussion which a third possessor under certain circumstances is entitled to cannot be exercised by appellants in this case.　This plea cannot be invoked in a case in which a special mortgage is sought to be closed on property affected by the clause of non alienation.　In Bayley vs. Tate, 10 Rob. 45, the court held: "The position that, as there was other property, subject to the same debt, which had been surrendered by the mortgagor, no recourse could be had against the plaintiff until that was exhausted, or accounted for, is quite untenable.　The plea of discussion cannot be opposed to a creditor holding a special mortgage; nor could it be contended that the property held by the plaintiff was liable only for its *pro rata* proportion of the debt.　Each and every portion of the property mortgaged, is liable for each and every portion of the debt.　The mortgage is *tota in toto, et tota in qualibet parte.*"　In Bosley vs. Hayes, 31 A.

789, the foregoing doctrine is distinctly reiterated. In the case before us there was, as a part of the consideration of their purchase, an assumption, by the purchasers of the property seized, of the note on which the proceedings of seizure and sale were instituted, and in addition to the special mortgage securing the purchase price, this same property was affected by and burdened with the assumption of the note described, and as a matter of fact the appellants were not injured by the direct proceeding on the note, affected by the original special mortgage. Leaving out of consideration, the verbal agreement or understanding between Torian and Sanders (of which Burgess seems to have been fully cognizant), we think, under the authorities we have quoted, that the plaintiff in the proceedings of seizure and sale had the right to enforce his mortgage and vendor's privilege on the portion of the property held by these appellants, and was not obliged to enforce it upon the whole of the mortgaged property as an entirety. It is not material to consider whether Burgess acted as agent of his wife or in his own right, in the purchase of the property, or while agent of his wife ; the understanding was had by him that Sanders' land was not to be affected by the mortgage in favor of Torian ; it is clear, that the assumption by him of the note given for the purchase money bound him, and the property thus acquired by him was burdened with this assumption, and Mrs. Burgess took it from him *cum onere*, and he could transfer to her no rights which he did not possess, and as to this property it remained in her hands subject to all the obligations which he, during his ownership, had imposed on it.

In regard to the claim for damages growing out of the injunction and its dissolution, we regard the question as *no longer an open one.* This Court in Dejean vs. Hebert, 31 An. 729, held : " The order of seizure and sale is so far a judgment, that it can be appealed from ; but it is not a judgment in the true legal sense of the term ; it does not possess all its features. It is granted without citation, decides no issue, adjudicates no right in addition to these mentioned in the act, and the party enjoining such an order can—with his surety—be held liable but by an action on the bond." So in Thompson vs. Lemelle, just decided at this term, we have maintained this principle, and regard it as sound and settled. The right to claim damages on the bond has been properly reserved to the appellees, in the judgment of the court *a qua.*

The judgment of the lower court is therefore affirmed, at costs of the appellants in both courts.