No. ——

First Circuit Appeal

SLIDELL SAVINGS AND HOMESTEAD ASSOCIATION v. MRS. E. A. SEAL, ET AL.

(June 12, 1925. Opinion and Decree)
(June 30, 1925, Rehearing Refused)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Mortgages—Par. 121.**
In an act of mortgage made by two mortgagors who were joint owners of the property mortgaged by which each mortgagor was liable for his undivided half of the debt, payment of the amount due by one mortgagor does not affect or injure the rights of the other mortgagor.

2. **Louisiana Digest—Mortgages—Par. 51.**
The indivisibility of the mortgage exists for the benefit of the creditor and cannot be invoked against him nor can it be used to deprive him of the payment of his claim.
(Civil Code, Article 3282.)

3. **Louisiana Digest—Mortgages—Par. 51, 79.**
Where property owned in indivision is mortgaged by both owners, the mortgagee loses none of his rights against one mortgagor by accepting a payment and cancelling the other mortgagor's part of the debt.

4. **Louisiana Digest—Bills and Notes—Par. 130.**
Under Section 29 of the Negotiable Instrument Law, Act 64 of 1904, it is no defense that the nature of the note (accommodation note) was known to the holder who took it for value, bona fide, before maturity.

5. **Louisiana Digest—Bills and Notes—Par. 127.**
The holder of a note purchased before maturity, bona fide, for value, does not accept an accommodation maker as a surety merely because he knows that such maker is not the principal debtor.

Appeal from the Twenty-sixth Judicial District Court, Parish of St. Tammany. Hon. Prentiss B. Carter, Judge.

This is a suit by which the defendant sought to enjoin the sale of her property which would have been seized and sold under executory process.

There was judgment maintaining the injunction and the plaintiff has appealed.

Judgment reversed and writ of injunction dissolved, reserving plaintiff's right to damages.

L. V. Cooley, of Slidell, attorney for plaintiff, appellant.

L. L. Morgan, of New Orleans, attorney for defendant, appellee.

LECHE, J.  Plaintiff obtained executory process against defendant, who enjoined the sale of her property and from a judgment maintaining the injunction plaintiff has appealed.

The facts are that Mrs. Seal and H. J. Willis jointly owned property which they mortgaged in favor of plaintiff in order to secure their joint promissory note. Willis died, his succession was opened, and in due course his half interest in the mortgaged property was sold, and the proceeds were paid to and accepted by plaintiff in satisfaction of Willis' liability on the joint promissory note. In other words, plaintiff in consideration of the payment of one-half of the amount due to it on the promissory note released the Succession of Willis from further liability

and released the one undivided half of the property sold in the succession sale, from the mortgage which secured the note. Plaintiff then sued out executory process against Mrs. Seal on her undivided half of the property to satisfy the balance due on the note as being the portion due by her.

Plaintiff has proceeded apparently on the assumption that Willis' liability on the obligation was secured by mortgage only upon his undivided half of the property and that Mrs. Seal's liability was secured only upon her undivided half of the property. This division of the liability and of the mortgage securing the same was made by plaintiff and the executrix of Willis' last will but without the advice or consent of Mrs. Seal, and the question in the case is whether that is contrary to the well-known principle that mortgages are indivisible by their nature. Every part of the property, whether divided or undivided, was mortgaged for the whole of the debt. That is apparent from the terms of the act of mortgage. The mortgage was only an accessory obligation to the debt and in its entirety secured the whole debt. There is no law prohibiting that property might be mortgaged by the joint owners to secure the individual debt of only one of the owners or the debt of some third person, and such mortgage, although only an accessory obligation in the sense that it could not exist without a principal obligation is a separate and distinct obligation from the obligation evidenced by the note. In other words, under the doctrine of the indivisibility of mortgages. Mrs. Seal's undivided half of the property was mortgaged to secure Willis' liability as well as her own liability on the note, and vice versa.

Reasoning then from elementary principles of equity which are the basis of the civil law, can it be claimed that by releasing the mortgage so far as it affected the undivided half of the property belonging to Willis, any injury has been done to Mrs. Seal?

It must be remembered that the debt represented by the note was a joint and not a solidary obligation, and that plaintiff had the right to divide the debt, and to sue either of the parties for his or her half of the liability, to receive payment and give acquittance therefor, without releasing the other. The obligation represented by the note was, unlike the mortgage, divisible in its nature. It must also be kept in mind that the debt being only joint, neither of the obligors, Mrs. Seal or Willis, could be held for the other's half of the liability on the note, and therefore that neither one of them had any interest in paying the liability of the other. On the contrary, it was to the interest of Mrs. Seal that Willis' liability should be extinguished, as that liability was secured by mortgage on her half as well as upon his half interest in the property, and the payment by the executrix of Willis' liability released her interest in the property from the mortgage securing that liability. It would, of course, be otherwise if the debt had been a solidary obligation.

No decision of our Supreme Court in a case parallel with this one has been cited in argument, nor can we find any. There are Louisiana decisions, though, holding that the mortgagee may foreclose on part only of the property. Burgess vs. Gordy, 32 La. Ann. 1296; Powell vs. Hayes, 31 La. Ann. 789. But in each of these cases the part of the property referred to was a divided part.

The Court of Cassation, in France, construing Article C. N. 2114, which corresponds with our Article C. C. 3282, says: It is well established that the indivisibility

of the mortgage exists for the benefit of the creditor and cannot be invoked against him, and that such indivisibility is in the interest of the creditor and cannot be used to deprive him of the payment of his claim. Cass., Nov. 9, 1847. To the same effect is the opinion of Laurent, Vol. 30, No. 178. We are unable to see how the division of the mortgage by plaintiff creditor, when it released from such mortgage the undivided half of the property owned by the Succession of Willis, can or could in any manner harm or prejudice the rights of Mrs. Seal.

The question under discussion is one of the most abstruse in the civil law, and, though with a certain amount of diffidence, we have reached the conclusion that in consenting to and accepting a division of the mortgage plaintiff has lost none of its rights against Mrs. Seal.

Another ground upon which defendant predicates her right to an injunction is that she is merely an accommodation maker and that she received no consideration for the note and mortgage which she signed. She does not, however, expressly allege that she was to the knowledge of plaintiff only an accommodation maker. On the contrary, the evidence shows that the money which was borrowed from plaintiff was paid to the mortgagors by checks made payable to both of them, and the checks which were offered in evidence show the endorsement of both Willis and Mrs. Seal. But even if we assume that Mrs. Seal was merely an accommodation maker to the knowledge of plaintiff, she is responsible, nevertheless, under Section 29 of the Negotiable Instrument Law, which provides expressly that it is no defense that the nature of the note (accommodation note) was known to the holder who took it for value, bona fide, before maturity.

It may be, for we have not the benefit of brief or oral argument on the part of Mrs. Seal, that she assumes that she is merely a surety and that plaintiff by releasing Willis has also released her. But we do not believe that she can assume such a position under the terms of the cited statutes. We can find no precedent in our own state, but there are precedents from other states. The Maryland Court of Appeals, in passing upon the responsibility of an accommodation maker, under a statute having the same provision as ours, has held in a well-reasoned opinion that the holder does not under such circumstances accept an accommodation maker as a surety merely because he knows that such maker is not the principal debtor. Jamesson vs. Citizens Nat. Bank, 130 Md. 75, 99 Atl. 994. See also Ann. Cases 1913, C. 525.

We are then of the opinion that the plaintiff has done no act prejudicial in law to Mrs. Seal's rights and that the injunction obtained by her should be set aside and plaintiff should be permitted to proceed with the foreclosure of its mortgage.

It is therefore ordered that the judgment appealed from be avoided and reversed and that the writ of injunction sued out by Mrs. Seal on October 5, 1922, be dissolved and set aside; that the sheriff of the parish of St. Tammany be ordered to proceed with the execution of the writ of seizure and sale herein issued, as prayed for in plaintiff's petition; that plaintiff's right to damages be reserved, and that defendant, Mrs. Seal, pay all costs of these proceedings.