No. ——

' First Circuit

---

## HARGROVE v. O'BANION
## CLARK, Third Opponnt

---

(January 7, 1927. Opinion and Decree.)
(February 12, 1927. Rehearing refused.

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Mortgage—Par. 107, 115, 142.**

Every portion of the property mortgaged is liable for every portion of the debt. Therefore, the mortgagee can release

any portion of the property from the operation of the mortgage.

2. **Louisiana Digest—Mortgage—Par. 109, 115, 141.**

Where a second mortgage is placed on the part of the land mortgaged to the first mortgagee, the holder of the second mortgage cannot object to the first mortgagee executing his mortgage against that part of the property on which there is a second mortgage and releasing the balance.

Appeal from the Parish of Evangeline. Hon. B. H. Pavy, Judge.

Action by Hargrove against O'Banion, Ed L. Clark, intervenor and third opponent.

There was judgment for intervenor and plaintiff appealed.

Judgment reversed and rendered for plaintiff against defendant.

Mark C. Pickerel, of Oakdale, attorney for plaintiff, appellant.

S. W. Gardiner, of Ville Platte, attorney for intervenor, appellee.

MOUTON, J.   J. D. O'Banion executed a special mortgage with the pact de non aliendo in favor of M. V. Hargrove on January 31, 1921, on the following described property to secure the payment of $400.00, represented by four promissory notes, viz.: All of the NE¼ of the NW¼ and the SE¼ of the NW¼ of Section 22, containing eighty acres of land. This mortgage was recorded on February 7, 1921. On March 26, 1921, O'Banion gave a second mortgage in favor of Ed L. Clark on 40 acres of the land above described, that is, on the NE¼ of the NW¼ thereof. The mortgage in favor of Clark was recorded on March 26, 1921, over a month after the registry of the mortgage he had given to M. V. Hargrove. W. R. Hargrove, as transferee of the notes, first obtained the issuance of executory proceedings under which the whole tract of 80 acres were seized under his mortgage. He thereafter cancelled his mortgage on 40 acres of the land, and restricted the seizure to the NE¼ of the NW¼ upon which Ed L. Clark had a junior mortgage, as hereinabove stated.

Ed L. Clark came into the case by way of third opposition, claiming that the mortgage held by plaintiff, being indivisible, he should be compelled to sell the 80 acres for the satisfaction of mortgage; that he had no right to release 40 acres of the land from the operation of his mortgage and seizure, and restrict the sale to the other forty acres on which Clark, opponent, held a second mortgage. That in thus restricting the sale to the 40 acres upon which Clark had a junior mortgage, plaintiff is attempting to "cheat and defeat him of his just rights". The lower court took that view of the case and held that plaintiff had no right to make a partial cancellation of his mortgage, and restrict the sale to the 40 acres to which the mortgage had been confined. The court said this was a fraud on opponent's rights.

Plaintiff appeals.

When Clark took a mortgage on the 40-acre tract described as the NE¼ of the NW¼ of 80-acre tract, the public records showed that the mortgage of the plaintiff covered that tract. He knew then that he had, by virtue of his mortgage, the rights of a second mortgagee only. He was not granted any rights whatsoever on the other forty acres upon which plaintiff's mortgage also rested. Plaintiff said in his testimony that he thought the 40 acres to which he had restricted the enforcement of his mortgage were fully worth the amount of his note, and that he did not

want defendant to lose his whole place. As intervenor, Clark had no rights whatsoever on the 40 acres upon which the release was made; plaintiff, instead of releasing it, could have made a donation to Clark of his mortgage on that tract. In releasing it from the mortgage plaintiff in no way infringed on the rights of Clark as he had none on that tract by privity of contract with plaintiff or otherwise.

In Burgess vs. Gordy, 32 La. Ann. 1296, a special mortgage had been given on a plantation lying on both sides of Bayou Teche. The whole plantation was seized under the mortgage. That portion of the plantation lying on the east side of the Teche was released from the seizure and the execution of the writ was confined to the other portion of the plantation. A third possessor of a portion of the plantation in that case contended that, as the mortgage rested on the whole property, plaintiff could not sell a portion to pay the entire mortgage debt, and that the whole property should contribute to the payment of the debt. This is substantially the contention here, with the exception that here the intervenor alleges that by confining the execution of the writ to the 40 acres on which he has a second mortgage, plaintiff has cheated and defrauded him of his rights. The court in the case above cited, and also in Powell vs. Hayes, 31 La. Ann. 789, held that each and every portion of the property mortgaged is liable for each and every portion of the debt. The court said that plaintiff had the perfect right to release a portion of the property from the operation of the mortgage, and to have the other portion sold to satisfy the whole debt, and that the third possessor could not urge the plea of discussion against a creditor holding a special mortgage affected with the clause of non alienation. This is precisely the case here with the exception that intervenor is not a third possessor, and has injected into the case a charge of fraud because of the restriction of the writ to the tract upon which he is a junior mortgagee. The lower court, it seems, took that view of the case and held that intervenor had been defrauded of his rights.

It is clear from the doctrine recognized in the decisions above cited that plaintiff had the right to subject the portion of the land upon which intervenor had a mortgage to the payment of the entire mortgage. As intervenor had a second mortgage on that portion, it is manifest that his rights were subordinate to those of plaintiff, and that the only right he could claim was to be paid, if any proceeds were left from the sale of that part of the land after plaintiff's mortgage had been satisfied. He had no rights whatsoever on the portion that had been released, and could not possibly be cheated or defrauded of his rights thereon, as was held below.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided, annulled and reversed; and it is further ordered, adjudged and decreed that plaintiff have jugment against defendant, ordering the sale of the NE¼ of NW¼, Section 22, Township 3 South, Range 2 West, La. Mer., to pay the sum of four hundred dollars, with eight per cent per annum interest from the maturity of each note representing said obligation, with ten per cent thereon as attorney's fees; that plaintiff be paid from the proceeds of sale of said property by preference and priority over other claimants; that the defendant pay the cost of the main demand, and that intervenor, Ed L. Clark, pay all the cost of his intervention and third opposition.