LAND, J.
 

 On March 19, 1927, the Federal Land Bank of New Orleans, in executory proceedings in the Nineteenth judicial district court, applied for a writ of seizure and sale, in foreclosure of a first special mortgage in its favor, executed by Asia Rester on two separate tracts of land, situated in the parish of East Baton Rouge. One of these tracts contains 270 acres, and the other 70 acres.
 

 Plaintiff bank prayed for the sale of the entire property at sheriff’s sale, on May 7, 1927, in satisfaction of its mortgage note of $7,000, less certain credits allowed thereon.
 

 At this sale, W. F. Gladney, the holder of the second mortgage on the tract of 270 acres, bid in this particular tract, but failed and refused to comply with his bid. The tract of 70 acres was not offered, as the amount of Gladney’s bid was sufficient to pay in full the first special mortgage of plaintiff bank, including interest, costs, and attorney’s fees.
 

 Thereafter plaintiff bank readvertised all of the property subject to its special mortgage for sale at sheriff’s sale on July 27, 1927.
 

 By rule taken in the executory proceedings, Asia Rester, the mortgagor, opposed the sale of both tracts at the second sale at one and the same offering, and insisted that the sheriff be ordered to sell said property in two different parcels, and that the 270-acre tract be offered first on the ground that it was sufficient in value to pay in full the mortgage debt of the bank.
 

 Plaintiff bank, the seizing creditor, and the sheriff of East Baton Rouge were made parties to this rule, to which Gladney and the Bank of Baton Rouge, after intervening in the executory proceedings, tendered exceptions of nonjoinder and of no cause or right of action.
 

 As the method of sale proposed by Rester, the mortgagor, might result in the adjudication of the 270-acre tract only, Gladney, the second mortgagee, and the Bank of Baton Rouge, as his pledgee of the mortgage notes executed in his favor by Rester, opposed the rule for sale brought by Rester, and sought by rule to compel the sale of each of the tracts separately, and the marshaling of the assets, through application for a permanent mandatory injunction.
 

 Rester, plaintiff bank, and the sheriff of East Baton Rouge were made parties defend,ant to the rule for injunction.
 

 Plaintiff bank answered both of these applications or rules substantially in the same manner.
 

 After hearing had, the demand of the Bank of Baton Rouge and of W. F. Gladney was denied and rejected, and the sheriff was ordered, in making the sale of the property seized under execution, to offer each parcel in bulk separately, as mortgaged by Rester to plaintiff bank, and as described in the adver
 
 *929
 
 tisement for sale, which describes the larger tract of 270 acres first.
 

 In response to the application or rule of the Bank of Baton Rouge and Gladney, plaintiff bank answered, in part, as follows:
 

 “And respondent, further responding to said rule, shows that, while it has a mortgage on the whole 340 acres securing its debt, in principal, interest, attorney’s fees, and costs, it has no interest in the controversy between interveners herein and the defendant, Asia Rest-er; that the said second mortgage claimed by interveners rests, if at all, on the 270 acres only, and that the said interveners, or either of them, have never had and do not now have any interest whatever in or to the 70 acres claimed by the said Rester, except that they could use your respondent herein to force a sale of the whole property to the detriment of defendant Rester in order that interveners
 
 might
 
 buy it on the sale
 
 to
 
 satisfy the first mortgage and thereby deprive defendant Rest-er of his rights in the 70 acres; that your respondent declines to lend assistance to one party to harm another through it as an instrumentality in a controversy in which it has no interest; that it has no interest of its own in enforcing the sale of both tracts unless it should be necessary to satisfy its debt in full in principal, interests, attorney’s fees, and costs; that the 270 acres is sufficient to satisfy the same, but that the 70 acres alone is not; that it has no objections to the sale of the land in separate tracts if the 270 acres should be sold first, satisfying its said debt, but does object to the 70 acres being sold first, showing that it alone is not sufficient to satisfy its debt.”
 

 Plaintiff bank also filed an answer, similar in import, to the application or rule of Asia Rester to have the two mortgaged tracts sold separately. The answers to both rules were filed on the same day, July 20, 1927.
 

 It is clear from these answers that plaintiff bank, as the holder of the first special mortgage on both of these tracts, though opposed to the sale of the 70-acre tract first, as not being sufficient in value to satisfy its mortgage debt, consented to have the 270-acre tract offered first at the sheriff’s sale.
 

 It appears, therefore, that the demand of Asia Rester, the mortgagor, for the sale of the larger tract first, was duly assented to by plaintiff bank, and that the judgment of respondent judge ordering the sale to be so made was rendered with the full approval of the creditor holding the first special mortgage.
 

 This necessarily ends the matter, as far as Gladney, the holder of the second mortgage, and the Bank of Baton Rouge, his pledgee, are concerned.
 

 “The exception of discussion cannot be opposed to the privileged creditor, or to one who has a special hypothecation." C. P. art. 73; C. C. art. 3404.
 

 A mortgage is a real right on the property bound for the discharge of the obligation. “It is in its nature indivisible and prevails over all of the immovables subjected to it, and over each and every portion. It follows them into whatever hands they pass.” C. C. art. 3282.
 

 As a necessary corollary of this article, it follows that in a foreclosure sale the mortgagee may seize the entire mortgaged property.
 

 The mortgagee, however, may also select for sale what property he pleases subject to his special mortgage. Trop. d’Hyp. 750, 752; Myer v. Kendall, 142 La. 366, 76 So. 800. The creditor with a special mortgáge has the right to foreclose it on a part only of the property mortgaged, and is not compelled to make the whole of said property contribute to the payment of his debt. Burgess et al. v. Gordy, Sheriff, 32 La. Ann. 1296; Bagley v. Tate, 10 Rob. 45; Powell v. Hayes, 31 La. Ann. 789.
 

 It is clear, therefore, that neither the mortgage debtor, nor the holder of a second special mortgage on one of two tracts of land, has the right to provoke a sale of the whole of the mortgaged property consisting of separate tracts, against the wishes of the holder of -a first special mortgage, under the pre
 
 *931
 
 text of invoking the merely equitable doctrine of marshaling of assets.
 

 Under our system, equitable considerations, in conflict with our positive written laws cannot be permitted to prevail. C. C. art. 21.
 

 Neither Gladney nor the Bank of Baton Rouge was a necessary party to the application or rule of Asia Rester as to the sale of the property mortgaged at sheriff’s sale, since they were without any right or interest in the matter, that they could legally assert or enforce. The exception of nonjoinder is without merit.
 

 The exception of no right or cause of action tendered by Gladney and the Bank of Baton Rouge to the same rule is without foundation, as exceptors were without right or cause of action in themselves.
 

 Our conclusion is that interveners, as the holders of a mere second special mortgage on the 270-acre tract, are without right to restrain plaintiff bank, a creditor with a first special mortgage on both tracts, from exercising its absolute right to receive the proceeds of the sale of the mortgaged property, or of any part thereof said bank might select to have sold, in satisfaction of its mortgage debt.
 

 It is ordered, therefore, that the rule nisi issued herein be set aside and recalled, that the temporary stay order granted in the order for said rule be vacated, and that the application of the interveners,
 
 W.
 
 P. Gladney and the. Bank of Baton Rouge, for writs of mandamus and prohibition directed to respondent judge be denied and dismissed, at the cost of relators.
 

 O’NIELL, O. J., concurs in the decree on the ground that the holders of the second mortgage on the 270 acres have their remedy by paying the debt due to the first mortgagee and being thereby subrogated to the mortgagee.