### McKESSON PARKER BLAKE CORPORATION v. EAVES & REDDIT, Inc. (J. J. RIGMAIDEN & CO., Intervener).

#### No. 1183.

Court of Appeal of Louisiana. First Circuit.
June 30, 1933.

M. A. Grace, of New Orleans, and C. C. Jaubert, of Lake Charles, for appellant.

Clement M. Moss, of Lake Charles, for appellee.

LE BLANC, Judge.

This suit involves a contest over the proceeds of a sale under foreclosure, of certain store fixtures, between a mortgagee, plaintiff herein, and an alleged lessor, intervener and third opponent. The case was submitted on an agreed statement of facts on which the lower court rendered judgment in favor of the intervener, whereupon plaintiff appealed.

Rigmaiden & Co. had leased under verbal agreement to Eaves & Reddit, Inc., beginning March 1, 1931, the premises designated as No. 827 Ryan street in the city of Lake Charles. The lease was from month to month and the rental price was $150 per month. On November 1, 1931, the rent was reduced to the sum of $100 monthly, payable in advance. All rent was paid up to May 1, 1932, and none thereafter. At the time this executory proceeding was filed on October 19, 1932, plaintiff therefore owed intervener six months' rent, or the sum of $600.

On December 31, 1931, ten months after the original contract of lease at $150 per month and two months after the agreement under which the rent was reduced, defendant executed a chattel mortgage in favor of the plaintiff covering the fixtures herein seized and sold under executory process. The act of chattel mortgage was recorded in the mortgage records of the parish on February 1, 1932, three months after the agreement affecting the rental price of the property.

After defendant had defaulted in its payments for rent, it continued to occupy the premises and no notice of termination of the lease has ever been given by the lessor.

After this proceeding was instituted by the plaintiff on its mortgage, the lessor intervened claiming that by virtue of its lease

it had a superior lien and privilege over that of the seizing creditor whose mortgage was executed and recorded subsequent to and after the lease began and that therefore it was entitled to be paid by preference and priority over all persons and creditors of the defendant, the amount of rent that was due. It might be stated here that intervener claimed seven instead of six months' rent. The judgment, however, allowed the privilege for six months, and as there has been no answer to the appeal, we take it that intervener has abandoned its claim for the privilege, for this extra month.

The important issue in the controversy therefore is whether by a tacit reconduction, the original contract of lease was maintained in effect, or did the lessor's tacit acquiescence in permitting the lessee to occupy the premises result only in a new contract from one month to the other. Plaintiff has raised another issue in the nature of a plea of discussion or "marshalling of assets" as it terms it, claiming that as the lessor had also intervened in a proceeding in which the lessee had been adjudged bankrupt and had filed its claim with the trustee in bankruptcy, it should be relegated to those proceedings and estopped from further prosecuting its claim for a superior lien herein.

■ With regard to the plea of discussion it would seem that considering the fact that there is a privilege in favor of the creditor against whom it is urged, it cannot be sustained. Article 73, Code of Practice, is explicit on the subject. It reads: "The exception of discussion can not be opposed to the privileged creditor, or to one who has a special hypothecation." See, also, article 3404, Revised Civil Code. That the intervener here has a privilege cannot be seriously disputed. In fact it has one of the highest privileges allowed under our law. It could possibly be that its privilege on the property herein sold is inferior in rank to some other privileges, but there is no doubt of its privilege. The article of the Code of Practice quoted is peculiarly applicable therefore and precludes the plaintiff from invoking this "equitable doctrine" as it is referred to in the case of Federal Land Bank v. Rester, 164 La. 926, 114 So. 839, 840. "Under our system," reads the opinion in that case, "equitable considerations, in conflict with our positive written laws cannot be permitted to prevail. C. C. art. 21."

■ We do not think that there is any more merit in plaintiff's plea of estoppel. In the first place, in filing proof of its claim in the bankruptcy proceedings, intervener and third opponent was merely doing what the bankruptcy law directed that it should do, and it is significant to note also that this proof was filed subsequent to the filing of its petition and intervention in this proceeding. In the second place, estoppel can only prevail where the party invoking the plea has been induced by the act of the one he seeks to estop, to change his position and act differently than he would have otherwise, to his detriment and injury. Certainly nothing like that appears here to support the plea.

■ Coming now to the issue with regard to the rank of the respective liens and privileges claimed by the plaintiff-mortgagee and opponent-lessor, we find the contention of the former to be that the contract of lease being by the month, the reconduction thereof under Civ. Code, art. 2689, effected a new contract for each and every month, and that from the time the chattel mortgage was recorded, the privilege arising thereunder took precedence over the lessor's lien for each of the subsequent months the premises remained occupied by the lessee. In support of this contention plaintiff's counsel rely on the decision in the case of Remedial Loan Society v. Solis & Trepagnier, Morris, Intervenor, 1 La. App. 164. There is no doubt but that the decision is exactly in point with the contention made here, but it seems clear to us, as it did to the learned district judge, that the Supreme Court in the case of Comegys v. Shreveport Kandy Kitchen, Martel, Intervener, 162 La. 103, 110 So. 104, 52 A. L. R. 931, expressly overruled the Remedial Loan Society Case, and held that the tacit reconduction of a lease continues the old lease in full force and effect and is not a new contract or renewal of the old contract. The fact that in that case the court had under consideration a contract for a definite and fixed period of two years, whereas in the present case it was simply a month to month contract, makes no difference, in our opinion, in applying the legal principles stated by the court. Whether the contract is for a definite or indefinite period, the court, as we interpret the decision, holds to the effect that where the tenant continues in possession of the leased premises for a week after his lease has expired, the legal presumption is that the lease is continued (C. C. art. 2689), and the only way in which it could be terminated would be by giving the notice required by article 2686 of the Revised Civil Code. The decision appears to us to be positively controlling in the case before us, and, as stated by the trial judge, furnishes an unmistakable guide in fixing the rank of the respective liens here claimed. The lessor's privilege having arisen before the execution and recordation of the chattel mortgage which, under the statute creating it, gives a privilege outranking only those arising subsequent to its own, intervener and third opponent is therefore entitled to the proceeds from the sale of the mortgaged property by preference and priority over the plaintiff.

Judgment affirmed.