LOTTINGER, Judge.
This is a suit by the plaintiff, Robert L. Shanks, praying for a temporary restraining order restraining the Sheriff of the Parish of East Baton Rouge from proceeding with a Sheriff’s Sale of a certain 1962 Cadillac automobile, seized by one of the defendants, Associated Budget Plan, Inc., hereinafter sometimes referred to as “Associated”, under a writ of fi. fa. in connection with a judgment obtained by Associated against the other defendant, Maxie C. Callahan. Plaintiff further prays to be declared the owner of this 1962 Cadillac automobile. Associated Budget Plan, Inc., filed a rule to dissolve the temporary restraining order and also prayed for damages, accrued court costs, and attorney’s fees. From a judgment in favor of the defendants, plaintiff has appealed.
The record points out that on September 18, 1967, plaintiff-appellant, Robert L. Shanks, executed a bill of sale transferring a 1962 Cadillac to the defendant-appellee, Maxie C. Callahan. The recited consideration in the bill of sale is $500.00. The plaintiff testified that the true consideration for the automobile was $750.00, but was listed as $500.00 at the request of Callahan. Maxie C. Callahan testified that on the day the bill of sale was executed, he gave to Shanks a $150.00 payroll check, a $150.00 personal check, and $200.00 in cash. This totaled $500.00. Callahan testified that he received a receipt from Shanks for the $500.00. In addition, Callahan gave to Shanks two I. O. U.’s each for $125.00, one payable November 20, 1967, and the other December 20, 1967. As additional security for the I. O. U.’s, Callahan gave Shanks a personal check for $250.00, which was not supposed to he cashed. Callahan never did receive the certificate of title for the automobile.
Associated Budget Plan, Inc., is a judgment creditor of Maxie C. Callahan, and secured a copy of the above bill of sale, which had been executed before a Justice of the Peace, showing Maxie C. Callahan to be the purchaser of a 1962 Cadillac for $500.00. Associated caused a writ of fi. fa. to issue against Callahan, and the Sheriff of East Baton Rouge Parish seized the Cadillac at Callahan’s residence. The automobile was advertised for public auction to be sold on January 31, 1968.
On the date of the public auction, plaintiff in the instant proceeding obtained a temporary restraining order restraining and enjoining the public sale on the allegation that he owned the automobile in question. The Trial Court ruled in favor of the defendants, and as such dissolved the temporary restraining order. It awarded to Associated the sum of $32.54 for accrued Court costs, and the sum of $250.00 as attorney’s fees, condemning the plaintiff-Shanks to pay these amounts. It is from this judgment that the plaintiff has appealed.
The contention of the plaintiff is that the full purchase price of the automobile was never paid inasmuch as he deposited the $250.00 personal check, and this was returned with the notation “NSF”, or non-sufficient funds. It is further contended by the plaintiff that the bill of sale contains the following language, to-wit:
“This instrument does not become valid until all checks, drafts, or other such medium of payments have been cleared with bank on which drawn and seller is fully satisfied as to all payments.”
Plaintiff contends that since the $250.00 check never cleared the bank, the bill of sale did not become valid and ownership of the automobile never passed to the defendant, Maxie C. Callahan. As a further contention, plaintiff-appellant alleges that since the serial numbers describing the automobile in the bill of sale do not correspond with the serial numbers as found on the automobile in question, no valid sale has taken place.
Inasmuch as the bill of sale recites a consideration of $500.00 instead of $750.00, that all checks given in payment of the $500.00 have apparently cleared the *308 banks on which they were drawn, and it was never the intention of the parties that the $250.00 personal check was to be cashed, we do not feel that plaintiff-appellant can now allege that all conditions of the bill of sale have not been met. We have no question with the proposition that the parties to a written contract are bound by the terms as written, but we are of the opinion that the clause in the bill of sale suspending the culmination of the act of sale until all checks have cleared the banks must be limited to the checks given in payment of the $500.00 recited sale price, inasmuch as this was the sale price listed in the written bill of sale.
As to any contention by plaintiff-appellant that the serial numbers in the bill of sale were not the same as found on the automobile is of no moment, inasmuch as both the vendor and vendee testified that the 1962 Cadillac in question was the automobile the plaintiff intended to sell and the same one defendant, Callahan, intended to buy. Therefore, from the testimony of both, there is complete agreement as to the automobile. There is further agreement that even though the selling price was listed as $500.00, in truth and in fact it was $750.00.
LSA-C.C. Art. 2456 provides:
“The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.” (Emphasis added).
Therefore, under the facts of the case at bar, the object and price were agreed upon, and the sale was perfected, even though the full price has not been paid.
As to any intimation that the sale has not been perfected because the Certificate of Title to the Cadillac automobile was not transferred to the defendant, we cannot agree. We have before, in W. C. C., Inc. v. Davis, 185 So.2d 607, La.App. 1st Cir. 1966, rehearing denied May 9, 1966, writ refused June 23, 1966, held:
“That the jurisprudence of this State clearly does not require that the actual certificate of title to a vehicle be transferred in order for the sale to be a valid one.”
 In seeking the dissolution of the temporary restraining order, defendant, Associated, prayed for attorney’s fees, L.S.A.C.C.P. Art. 3608 provides:
“The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a recon-ventional demand. Attorney’s fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.”
We are of the opinion that the Trial Judge was most correct under L.S.A.-C.C.P. Art. 3608 in awarding attorney’s fees, and we can find no abuse as to the amount awarded.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
Judgment affirmed.