SAMUEL, Judge.
Plaintiff filed this suit for the return of a 1972 pick-up truck impounded by the Louisiana State Police and ordered towed to Tuck’s Garden Road Shell Service Station, where it has remained since March 28, 1974. Defendants are The American Road Insurance Company and Yeachel Tucker d/b/a Tuck’s Garden Road Shell Service Station.[1]
Following trial on the merits, there was judgment recognizing The American Road as the sole owner of the truck and dismissing plaintiff’s suit. Plaintiff has appealed.
The record establishes the following facts:
On December 1, 1972 Roger Maggard of Gulfport, Mississippi purchased the Ford pick-up truck in that city. The purchase was financed through the Ford Credit Company and the truck was insured by The American Road. On or about January 7, 1973 the truck was stolen. Subsequently, The American Road paid Maggard and Ford Credit $3,597 for the loss and appellant has stipulated that the former thus acquired whatever title or claim the latter two had in and to the truck.
On February 25, 1974 plaintiff purchased the truck from one James E. Purvis for $1,275 and secured a Louisiana title. When purchased, the truck had expired Alabama license plates. On March 28, 1974 the vehicle was involved in an accident in Jefferson Parish. At that time the Louisiana State Police investigating the accident determined the vehicle was stolen and ordered it towed to Tuck’s and impounded. Appellant was unable to secure the release of the truck and filed this suit for its return.
In this court appellant contends: (1) it is entitled to return of the truck under the doctrine of equitable estoppel which is applicable; and, alternatively, (2) appellant is *623 entitled to indemnification for repairs and the expense of preserving the truck.
We find no merit in appellant’s first contention relative to equitable estoppel. Under our express law appellant has no title to the truck,[2] cannot hold against the true owner, The American Road, and there can be no resort to equity where there is express law.[3] The Supreme Court case of Packard Florida Motors Co. v. Malone, 208 La. 1058, 24 So.2d 75, which involved theft of an automobile in Florida and subsequent sales in Louisiana, is controlling on both issues of ownership and equitable estoppel.[4] In that case, the court said:
* * * * * *
“Under the general rule announced in Article 2452 of the Civil Code no one can be divested of his property without his consent, and, consequently, an innocent third person under a defective title can not hold against the true owner. We have not been furnished with any authority which would justify us in taking the present case out of the general rule imposing upon the transferee the hazard of his author’s title, which required the owner’s consent to the divesture of his title. Although acting in good faith neither Burns [who purchased from the thief], Smith [who purchased from Burns] nor defendant [who purchased from Burns], as we have shown, actually ever had title to the automobile.
“It appears that the principal defense set up by defendant is embraced in the plea of equitable estoppel, resting upon the well known legal principle that where one of two innocent parties must suffer loss through the fraud of another the burden of the loss should be imposed upon him who most contributed to it. But equitable considerations can not be permitted to prevail when in conflict with positive written law. Civ.Code, Art. 21; Lancaster v. Dunn, 153 La. 15, 95 So. 385; Federal Land Bank v. Rester, 164 La. 926, 114 So. 839.
“Our positive written law declares that the sale of a thing belonging to another is null, and that the ownership of movable property can not be acquired by possession unless that possession has been maintained for a period of ten years if the thing was stolen or lost. Civ.Code, Arts. 2452, 3506, 3509. That is the express law regulating the rights of the parties, and according to which they were properly determined by the judge of the district court.”
* * * * * *
Nor do we agree with appellant’s second contention, which is based on Civil Code Articles 2314 and 2452,[5] relative to indemnification for repairs and the expense of preserving the vehicle. In response to this contention, appellee argues that the question of reimbursement cannot be considered by us because no such request was made in the pleadings or in the trial court and consequently the judgment of the trial court does not include a consideration of the question, citing Mayo v. Stoessell, La.App., 277 So.2d 520.
We find it unnecessary to consider appel-lee’s argument for the reason that, even if that argument is incorrect and we must consider the second contention, the record contains either no evidence or insufficient evidence upon which we could base the awards sought by appellant. Although *624 there is some appellant testimony to the effect that some repairs were made to the truck, the record is devoid of any evidence of the cost or value thereof. Nor does the record contain any evidence of any amounts expended by the appellant for the purpose of preserving the truck or that any preservation was necessary, and we note that under Civil Code Article 2314 such amounts must have been “necessarily” expended for the preservation of the property.
For the reasons assigned, the judgment appealed from is affirmed; costs in this court to be paid by the appellant.

AFFIRMED.

. The original defendants, Jefferson Parish district attorney and sheriff, were dismissed from the suit by the plaintiff.

. LSA-C.C. Art. 2452 reads:
“The sale of a thing belonging to another person is null; it may give rise to damages, when the buyer knew not that the thing belonged to another person.”

. LSA-C.C. Art. 21 reads:
“In all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity. To decide equitably, an appeal is to be made to natural law and reason, or received usages, where positive law is silent.” (emphasis ours)

. See also Overland Texarkana Co. v. Bickley, 152 La. 622, 94 So. 138; Port Finance Co., Inc. v. Ber, La.App., 45 So.2d 404.

. LSA-C.C. Art. 2314 reads:
“He to whom property is restored must refund to the person who possessed it, even in bad faith, all he had necessarily expended for the preservation of the property.”
LSA-C.C. Art. 2452 is quoted in footnote 2, supra.