SAMUEL, Judge.
This is an appeal from a judgment dismissing appellant’s action for nullity on an exception of no right of action. The judgment sought to be annulled was rendered in favor of Worcester County Institution for Savings in its suit for foreclosure by execu-tory process wherein immovable property belonging to appellant was seized and sold.
The petition to annul alleges the appellant was never served with process, in fact made no appearance, and was not an absentee despite the fact that the appellee, in an ex parte petition, had alleged he was an absentee and had an attorney appointed to represent him.
Worcester’s exception of no right of action is based upon the contention that appellant is precluded from bringing this action of nullity under the provisions of R.S. 13:4112. Alternatively, the exception further avers: 1) service and citation are not required in executory proceedings; 2) appellant waived notice of demand; and 3) the appointment of a curator was proper.
The trial court received evidence on the exception of no right of action. While that evidence properly was introduced, we note that it cannot be used to support an exception of no cause of action (C.C.P. Art. 931).
Relative to appellee-exceptor’s primary contention, R.S. 13:4112 provides:
“No action may be instituted to set aside or annul the judicial sale of immovable property by executory process by reason of any objection to form or procedure in the executory proceedings or by reason of the lack of authentic evidence to support the order and seizure, where the sheriff executing the foreclosure has either filed the proces verbal of the sale or filed the sale for recordation in the conveyance records of the parish. Any party seeking to annul or set aside a judicial sale of immovable property through executory proceedings filed for record before the adoption of this Section must do so within six months of September 12, 1975. Nothing herein shall be construed to affect legal defenses otherwise available to any person against whom a deficiency judgment is sought after the public sale of immovable property ' through executory proceedings.” LSA-R.S.13:4112.
An exception of no right of action questions the right of a plaintiff to institute the suit, i. e., whether he has an interest in the subject matter of the proceedings.[1] Here, the appellant was the owner of the property seized and sold under the judgment he seeks to annul. Quite clearly, he has a right of action and an interest in the subject matter; in fact, he appears to be the only person with that right and that interest. This, and the alternative aver-ments in the exception, are matters which address themselves either to an exception of no cause of action or to the merits. This case has not reached the merits and, in view of Code of Civil Procedure Art. 934, which reads in pertinent part “When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.”, we deem it impractical to notice a failure to disclose a cause of action because it is possible the objection or objections forming the basis of such a failure may be removed by amendment of the petition.
For the reasons assigned, the judgment appealed from is reversed, the exception of no right of action is overruled, and the matter is remanded to the trial court for further proceedings. All costs are to await a final determination.

REVERSED AND REMANDED.

. LSA-C.C.P. Art. 927(5).