409 So.2d 294 (1981)
The BANK OF NEW ORLEANS AND TRUST COMPANY, Maryland Casualty Company and Hibernia National Bank in New Orleans
v.
Donald G. LAMBERT, Sharon W. Lambert, Lambert Aviation, Inc. and Lambert Construction Company, Inc.
No. 14416.
Court of Appeal of Louisiana, First Circuit.
November 23, 1981.
Rehearing Denied February 16, 1982.
Writ Denied April 27, 1982.
*295 J. David Forsyth, New Orleans, for plaintiff-appellee The Bank of New Orleans.
Arthur J. Lentini, Kenner, for defendants-appellants Donald G. and Sharon Lambert.
Julian J. Rodrigue, Covington, for Sheriff, St. Tammany Parish.
Daniel A. Smith, New Orleans, for Maryland Casualty Co.
J. Patrick Beauchamp, New Orleans, for Hibernia National Bank in New Orleans.
Before CHIASSON, EDWARDS and LEAR, JJ.
EDWARDS, Judge.
Plaintiffs, the Lamberts, filed suit to annul a sheriff's sale of immovable property. Defendants, purchasers of the property at the sale, filed peremptory exceptions of no right of action and no cause of action, which were maintained by the trial court. Plaintiffs appealed the trial court judgment which maintained the peremptory exceptions and dismissed plaintiffs' action. We affirm.

FACTS
In August of 1974, Donald and Sharon Lambert executed a mortgage covering numerous pieces of property in the parishes of St. Tammany and Jefferson. This mortgage secured various promissory notes. On November 30, 1976, judgment was rendered against the Lamberts and various other defendants in the Twenty-Fourth Judicial District Court, Parish of Jefferson, for the unpaid balance of promissory notes held by various plaintiffs and secured by the mortgage.
The plaintiffs in that action, and the amounts of their judgments, are as follows: The Bank of New Orleans and Trust Company ("BNO"), $2,418,121.36; Maryland Casualty Company ("Maryland"), $2,457,279.21; and Hibernia National Bank in New Orleans ("Hibernia"), $325,709.99. The judgment also recognized the plaintiffs' mortgage rights in the St. Tammany Parish and Jefferson Parish property on a pro rata basis, commensurate with the amount of each plaintiffs' judgment.
Subsequent to that judgment, Donald and Sharon Lambert sold the mortgaged property to Lambert Brothers Construction Company, Inc. On February 20, 1980, the Sheriff of St. Tammany Parish sold at public auction that portion of the mortgaged property located within that parish, pursuant to a writ of fieri facias issued in execution of the judgment in the suit on the promissory notes. At the time of this sale *296 Lambert Brothers Construction Company, Inc. was the record owner of the property. BNO, Maryland and Hibernia purchased the property at the judicial sale.
Donald and Sharon Lambert filed a "Petition to Annul Sale and for Injunctive Relief" in the Twenty-Fourth Judicial District Court, Parish of Jefferson. This petition alleged that the sheriff's sale of the St. Tammany Parish property was unlawful because the mortgaged property was sold in globo, without first being offered as separate and distinct parcels.[1]
The defendants filed a declinatory exception of improper venue, which was maintained by the district court. The court ordered that the case be transferred to the Twenty-Second Judicial District Court, Parish of St. Tammany, pursuant to LSA-C.C.P. art. 932.
Defendants then filed peremptory exceptions of no right of action and no cause of action. Defendants' exception of no right of action was based upon two contentions: 1) neither Sharon Lambert nor Donald Lambert owned the property in question at the time of the judicial sale, and 2) no request was made prior to the first advertisement (in fact, prior to the sale) that the property be offered separately, rather than in globo. Defendants' exception of no cause of action asserted that the right to the manner of sale of mortgaged property belongs to the judgment creditor who holds the mortgage, not the judgment debtor.
The trial court maintained both exceptions. The trial judge concluded that plaintiffs had no right of action since they were not owners of the property when it was sold at the sheriff's sale. The trial court concluded that the right to direct the order of sale, given by LSA-C.C.P. art. 2295 to "the judgment debtor" applies only to a judgment debtor who owns the seized property.[2] The exception of no cause of action was also maintained. Recognizing the indivisible nature of a mortgage, the trial court held that a mortgagee has the right to execute the mortgage on all property covered by the mortgage, or any part of the property, at his discretion.
Plaintiffs appealed the judgment of the district court. With regard to the exception of no right of action, they contend that the judgment debtor need not be the record owner of the property in order to designate the order of sale under LSA-C.C.P. art. 2295, or to sue to annul the sale. Plaintiffs further contend that they have stated a cause of action. They assert that LSA-C.C.P. art. 2295 establishes a requirement that the sheriff sell the seized property separately unless the judgment debtor requests an in globo sale.

EXCEPTION OF NO RIGHT OF ACTION
The trial court maintained defendants' exception of no right of action based on its conclusion that a judgment debtor must be the owner of seized property in order to exercise the right to direct the order of sale under LSA-C.C.P. art. 2295. The trial court erred in maintaining the exception of no right of action on the basis of this reasoning.
An exception of no right of action raises the issue of whether a plaintiff has *297 an interest in the subject matter of the proceedings. Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir. 1979); Worcester County Institution for Savings v. Franklin, 377 So.2d 457 (La.App. 4th Cir. 1979); Marquis v. Cantu, 371 So.2d 1292 (La.App. 3rd Cir. 1979).
Plaintiffs filed suit seeking to annul the sale of property which was carried out in execution of a judgment against them. The Lamberts obviously have a real interest in the manner of sale. The manner in which the property is sold, whether by separate portions or in globo, can gravely affect the extent to which a judgment against them is satisfied by the sale of the property. Plaintiffs have a sufficient interest in the outcome of the sale to have standing in a suit which alleges that the sale is null because it was improperly carried out.[3] The trial court erred in maintaining the exception of no right of action.[4]

EXCEPTION OF NO CAUSE OF ACTION
A mortgage is by its nature indivisible and prevails over all the immovables subjected to it. LSA-C.C. art. 3282.[5] The mortgagee can execute his mortgage against all or any part of the encumbered property, at his discretion. Stockmeyer v. Tobin, 139 U.S. 176, 11 S.Ct. 504, 35 L.Ed. 123 (1891); Federal Land Bank v. Rester, 164 La. 926, 114 So. 839 (1927); Lawton v. Smith, 146 So. 361, (La.App. 2nd Cir. 1933).
The procedural right given to a creditor who seizes property under a mortgage or privilege is consistent with this substantive law. LSA-C.C.P. art. 2295 provides, in pertinent part, as follows:
"[T]he judgment creditor can direct the sale of property on which he has a mortgage, or a privilege other than that resulting from the seizure."
Thus, the Code of Civil Procedure gives a judgment creditor who holds a single mortgage over various pieces of seized property the right to direct the manner of sale. The judgment creditor's right to "direct the sale" includes the right to determine whether the property should be sold separately or in globo.
Defendants, BNO, Maryland, and Hibernia, held a single mortgage over the various pieces of property sold in globo by the St. Tammany Parish Sheriff. Louisiana substantive and procedural law gives them, not the judgment debtor, the right to determine the manner of sale. The trial court committed no error in maintaining the exception of no cause of action. Plaintiffs have failed to state a cause of action because Louisiana law vested the defendants with the authority to direct the manner in which the mortgaged property would be sold.
The trial court maintained the exceptions of no right of action and no cause of action and dismissed plaintiff's suit with prejudice. As discussed above, the trial court erred in maintaining the exception of no right of action. However, it was correct in maintaining the exception of no cause of action. Therefore, dismissal of plaintiffs' action was proper.
*298 For the foregoing reasons, the judgment of the district court is amended to overrule the exception of no right of action. The remainder of the district court's judgment, maintaining the exception of no cause of action and dismissing plaintiffs' case, with prejudice, is affirmed. Costs of this appeal are to be paid by plaintiffs-appellants.
AMENDED AND AFFIRMED.
NOTES
[1] The Lamberts' petition was filed with the same caption and number as the earlier suit on the promissory notes. Thus, despite the caption of this case, BNO, Maryland and Hibernia were actually defendants in the nullity action in the lower court.
[2] LSA-C.C.P. art. 2295 provides:

"If several items of property have been seized, or if one item of property which is divisible into portions has been seized, the judgment debtor, at any time prior to the first advertisement, may designate the order in which the items or portion of property will be sold, except that the judgment creditor can direct the sale of property on which he has a mortgage, or a privilege other than that resulting from the seizure.
"If the judgment debtor does not designate the order of sale, the order of sale shall be at the discretion of the sheriff.
"When property is offered by items or portions and the total price is insufficient to satisfy the judgment, with interest and costs, or if the judgment debtor so requests, the property shall be offered in globo and thus sold if a higher bid is obtained."
[3] LSA-C.C.P. art. 681 provides:

"Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts."
[4] An exception of no right of action, based on the reasoning that a judgment debtor who does not own the seized property has no right to direct the order of sale, would more properly have been raised if plaintiffs had filed suit to direct the order of sale. We express no opinion as to the correctness of the trial court's holding on that issue, however, because that is not the procedural posture of this case.

Plaintiffs have sued to annul the sheriff's sale, alleging that the manner of sale violated the provisions of LSA-C.C.P. art. 2295. Thus, the question of who had the right to direct the manner of sale is properly disposed of below, in connection with the exception of no cause of action.
[5] LSA-C.C. art. 3282 provides:

"The mortgage is a real right on the property bound for discharge of the obligation.
"It is in its nature indivisible and prevails over all the immovables subjected to it, and over each and every portion.
"It follows them into whatever hands they pass."