541 So.2d 977 (1989)
Gloria WRIGHT, Appellant,
v.
E.J. BARNES, Appellee.
No. 20427-CA.
Court of Appeal of Louisiana, Second Circuit.
March 29, 1989.
*978 L. Charles Minifield, Minden, for appellant.
Randy Elkins, Minden, for appellee.
Before HALL, NORRIS and LINDSAY, JJ.
NORRIS, Judge.
This is a suit by Gloria Wright against Reverend E.J. Barnes, in which she asks to have a contract of sale annulled and the purchase price returned, plus damages and attorney fees. The trial judge denied her recovery, and Ms. Wright appeals. We reverse and render.
On December 9, 1985 Ms. Wright purchased a car from Reverend Barnes for $1,250, which she paid in cash. Reverend Barnes did not give Ms. Wright the title to the car on that day. Ms. Wright testified that she was told only to go to Reverend Barnes's attorney to get the title in three or four days. Reverend Barnes, however, testified he never told Ms. Wright exactly when she would receive the title. He admits he did not have title to the car when he sold it, but asserted that he had told her every detail about his difficulties in securing title to the vehicle. This is contradicted by Ms. Wright's mother, who was also present when Ms. Wright saw Reverend Barnes, and who testified that Reverend Barnes never mentioned any such difficulties.
Ms. Wright testified that when she saw Reverend Barnes's attorney, he said he would deliver title within a week or two. During this interval the attorney enabled Ms. Wright to acquire an inspection sticker for the car on January 21, 1986 even without title. Ms. Wright stated she made numerous attempts to obtain the car's title from the attorney, but she never received it. Ms. Wright stopped driving the car in May of 1986, when she realized the license tags had expired in March of 1986. From June of 1986 through April 1987 Ms. Wright paid her sister-in-law $40 per month to drive her.
Reverend Barnes testified that he had sold the disputed car to Charles E. Nash, who did not pay for it. To show subsequent *979 ownership of the car, the defendant introduced the record of Webster Parish Civil Suit No. 42,526, Warren v. Nash. That suit reveals the following information. Nash acquired title to the car on November 24, 1982, and on that date took out a loan of $2,353.14 from Security National Bank, granting the bank a mortgage and lien on the car as security. Reverend Barnes endorsed the note for Nash. On June 15, 1983 Barnes was called upon to pay the note after Nash defaulted. On June 29, 1983 Security National Bank assigned its interest in the note and the lien on the car to Robert Warren, whom Reverend Barnes identified at trial as a used car dealer. On September 30, 1983 Warren filed suit against Nash for judgment in the full amount of the note, asking to have his lien on the car recognized. On October 21, 1983 Warren confirmed a default judgment in his favor. On December 2, 1983 a letter from Warren's attorney, James Johnson of Campbell, Campbell & Johnson, was sent to the clerk of court asking that a writ of fieri facias be issued for seizure of the car and any other property to satisfy the judgment. The record shows that no further action was taken until January 27, 1987 when Randy Elkins, Reverend Barnes's lawyer in the instant suit, sent a letter to the clerk of court asking that a writ of fieri facias be issued on the disputed vehicle. The record does not reflect that Elkins represented Warren or that Barnes intervened in the suit. Nevertheless, on January 28, 1987 a writ of fieri facias was issued in favor of Warren, against Nash, for sale of the car. On January 29, 1987 the Sheriff filed a notice of seizure of the car. On February 6, 1987 Reverend Barnes executed a keeper's receipt for the car. On April 2, 1987 a proces verbal was filed saying the car was sold to Ms. Wright on March 25, 1987 for $40. At trial in the instant suit Ms. Wright, without contradiction, unequivocally denied buying the car through the sheriff's sale.
In the instant suit the trial judge, in oral reasons for judgment, concluded that Ms. Wright failed to prove that Reverend Barnes did not tell her that he did not own the car, and further stated that he could not determine whether or not Reverend Barnes owned the automobile at the time of the purported sale to Ms. Wright. The judge also noted that since March of 1987, the date of the judicial sale, Ms. Wright had some "paperwork" evidencing ownership of the vehicle. The trial judge rejected the demands of the plaintiff.
Ms. Wright appeals, arguing that the trial judge erred in not declaring the sale a nullity under LSA-C.C. art. 2452, and asking that she be awarded the return of her purchase price, damages, and attorney's fees. Reverend Barnes has neither answered the appeal nor filed a brief with this court.
The jurisprudence of this state does not require that the actual certificate of title to a vehicle be transferred in order for the sale to be a valid one. Shanks v. Callahan, 232 So.2d 306 (La.App. 1st Cir. 1969). The sale of a motor vehicle is governed by the civil code articles relating to the sale of movables, and is not affected by non-compliance with the requirements of the Vehicle Certificate of Title, LSA-R.S. 32:701 et seq. Scott v. Continental Ins. Co., 259 So.2d 391 (La.App. 2d Cir.1972); Talley v. Hughes, 481 So.2d 172 (La.App. 4th Cir.1985); Sherman v. State Farm Mut. Auto. Ins. Co., 413 So.2d 644 (La.App. 1st Cir.1982), writ denied 414 So.2d 776 (La.1982).
LSA-C.C. art. 2452 provides that the sale of a thing belonging to another is null. Carroll v. Boosahda, 51 So.2d 836 (La.App. 2d Cir.1951); Pierce Enterprises of La., Inc. v. Mamoulides, 337 So.2d 621 (La.App. 4th Cir.1976); Wood v. Zor, Inc., 154 So.2d 632 (La.App. 4th Cir.1963). The sale of a thing belonging to another is not absolutely null but only relatively so, and such nullity is in the interest of the purchaser. Wood v. Zor, Inc., supra.
The trial judge, in oral reasons for judgment, concluded that he could not determine whether or not Reverend Barnes did or did not own the car at the time he sold it to Ms. Wright. A trial judge's findings of fact are to be reviewed to determine if they *980 are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
We must hold that the judge was clearly wrong in failing to find that Reverend Barnes did not own the car on December 9, 1985. Reverend Barnes testified that he had previously sold it to Nash. Defendant then introduced the record of Civil Suit No. 42,525 into evidence to show the subsequent chain of title. As we have reviewed above, there is nothing in that record which would show that Reverend Barnes ever regained ownership of the car. As the trial judge noted, Reverend Barnes had been in possession of the car almost two years when he sold it to Ms. Wright. However, according to the record before us, Reverend Barnes never re-purchased the car from Nash, nor acquired the car through judicial sale, nor procured a judgment rescinding the sale to Nash. The conclusion is inescapable that Reverend Barnes was not the owner of the car when he purportedly sold it to Ms. Wright.
Admittedly the March 25, 1987 judicial sale appears to give Ms. Wright some semblance of title, but it does not prohibit her from bringing this action of nullity. A thing can be sold by judicial sale only to a bidder who is present or properly represented. LSA-C.C. arts. 2615; 2617. The purchase at an auction sale by an unauthorized agent is not binding upon the purported purchaser until ratified by him. Union Garment Co. v. Newburger, 124 La. 820, 50 So. 740 (1909). Ms. Wright's uncontradicted testimony at trial was that she did not purchase the vehicle at the March 25, 1987 sheriff's sale, nor did she authorize anyone to do so on her behalf. In a letter from her attorney dated January 2, 1987 she had already advised Reverend Barnes that she wanted to get her money back and return the car. There is no evidence in the record showing she ratified the sale; she has expressly declared that she wanted only to return the car and have her money returned. She filed suit to annul the sale before her attorney was advised the judicial sale had taken place. The March 1987 judicial sale did not transfer ownership of the car to Ms. Wright. Further, the doctrine of "after acquired title" is not applicable to the instant case.[1]
In his oral reasons for judgment, the trial judge also found that Ms. Wright failed to prove that Reverend Barnes did not tell her "what the problem with the car was." We recognize that where the purchaser is cognizant of a defect in the title he is about to acquire, he cannot call upon the vendor to make good the damages resulting from the defect. LSA-C.C. art. 2501; Collier v. Fox, 451 So.2d 169 (La. App. 1st Cir.1984), writ denied 458 So.2d 123 (La.1984); Harris v. Bourgeois, 272 So.2d 44 (La.App. 4th Cir.1973). However, we must conclude that the trial judge was clearly wrong in this factual finding. Reverend Barnes testified that he had told Ms. Wright every detail about the car's title. Ms. Wright and her parents denied that Reverend Barnes told them that there was a problem with the title. Even with the trial judge's apparent determination that Reverend Barnes was the more credible *981 witness, we are confident that Reverend Barnes did not tell Ms. Wright anything which would have alerted her to the possibility that he did not own the car. As the trial judge noted, Reverend Barnes believed he was the owner of the car. Reverend Barnes's testimony supports this; he said he considered securing the title nothing more than some paperwork details which he was confident would be "cleared up" shortly. At trial, Reverend Barnes could not articulate "what the problem with the car was." It is unreasonable to hold that he could have done so at the time of the purported sale. It is also unreasonable to conclude that Ms. Wright would pay cash for a vehicle she knew the seller did not own.
We hold the trial judge was clearly wrong in not finding that Reverend Barnes did not own the disputed automobile at the time he attempted to sell it to Ms. Wright and in finding that Reverend Barnes disclosed the problem with the vehicle to Ms. Wright. The trial judge erred in failing to annul the sale.

DAMAGES
A sale that has been nullified is deemed never to have existed. The parties must be restored to their pre-contract situations. LSA-C.C. art. 2033; Progressive Bank and Trust Co. v. Vernon A. Guidry Contractors, Inc., 504 So.2d 997 (La.App. 1st Cir.1987).
To restore the parties to their pre-contract situations, Reverend Barnes must return the purchase price and Ms. Wright must return the car. To minimize any future difficulties over title to the car, Ms. Wright should execute a quitclaim bill of sale in favor of Reverend Barnes conveying any rights she may have to this vehicle as a result of the judicial sale. There were receipts introduced into evidence showing Ms. Wright paid $309.65 in repairs for the car. Since Reverend Barnes will probably receive the benefit of these repairs their price must be reimbursed to her. See Progressive Bank and Trust Co. v. Vernon A. Guidry Contractors, Inc., supra; Greer v. Sumney, 50 So.2d 503 (La.App. 1st Cir. 1951).
We deny Ms. Wright's request for damages compensating her for the $40 per month she spent in transportation. Even had she not bought the car, she would have incurred reasonable transportation expenses. We also deny her request for attorney fees. Attorney fees are not allowed except where authorized by statute or contract. Huddleston v. Bossier Bank and Trust Co., 475 So.2d 1082 (La.1985). Plaintiff has not set forth any statutory or contractual basis for recovery of attorney fees, and our research has disclosed none.
We reverse the judgment of the trial court, and render judgment to read as follows:
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that there be judgment herein in favor of Gloria Wright and against Reverend E.J. Barnes, annulling the December 9, 1985 sale of the 1978 Mercury Marquis, VIN 8261S514566 by Reverend E.J. Barnes to Gloria Wright;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Gloria Wright and against Reverend E.J. Barnes in the sum of $1,559.65, with legal interest thereon from date of judicial demand until paid, and for all costs of this proceeding;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Gloria Wright return the vehicle described herein to Reverend E.J. Barnes and execute a quitclaim bill of sale, without warranty, in favor of Reverend Barnes transferring any right, title, or interest she may have in and to the vehicle.
Costs of this appeal are assessed to the appellee.
REVERSED AND RENDERED.
NOTES
[1] The doctrine of "After-Acquired Title" provides that when a vendor sells property which he does not own and later acquires title, ownership vests in the vendee. Bordelon v. Bordelon, 499 So.2d 1050 (La.App. 3d Cir.1986). By its own terms this doctrine does not apply here, where the vendor never acquired title after the purported sale to Ms. Wright. We decline to apply it equitably, even though the vendee subsequently acquired some semblance of title, because of this title's litigous nature. A buyer may not be called upon to accept a title which reasonably suggests litigation. Young v. Stevens, 209 So.2d 25 (La.1967); Lavenia v. National Business Consultants, Inc., 425 So.2d 840 (La. App. 5th Cir.1982), writ denied 432 So.2d 269 (La.1983). As we note above, the issuance of a writ of fieri facias and the subsequent judicial sale of the car were prompted by a letter from Elkins, the attorney representing Reverend Barnes in the instant action. Nothing in this record or in the record of Warren v. Nash indicates that Warren assigned his judgment to Reverend Barnes. Further, nothing in either record shows that Mr. Elkins had enrolled as counsel for the judgment creditor Warren, replacing Campbell, Campbell and Johnson as Warren's attorney; nor did Mr. Elkins assert that he was acting in Warren's behalf. We cannot determine if Warren provoked or authorized the judicial sale, and if not, whether he might seek to annul the judicial sale in the future.