IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30327
Summary Calendar
_____

In the Matter Of: RANDALL FARMS, LLC,

                                        Debtor,

-------------------------------------------------------

RAEFORD FARMS OF LOUISIANA, LLC,

                                        Appellee,

versus

JOHN W. LUSTER, Trustee,

                                        Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-674
--------------------
October 21, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Appellant, the bankruptcy trustee of Randall Farms, appeals
the holding of the district court, which, in reversing an order
of the bankruptcy court, required him to endorse the certificates
of title of various motor vehicles that were sold by Randall
Farms to a third party and, ultimately, to appellee.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

As an initial matter, it is clear that the district court's order reversing the bankruptcy court is final, and, therefore, subject to appeal. Indeed, so long as a district court order ends a discrete piece of litigation in a bankruptcy case, such a case "need not be appealed as a single judicial unit at the termination of the [bankruptcy] proceeding as a whole." *In re County Management, Inc.*, 788 F.2d 311, 313 (5th Cir. 1986) (internal citations and quotation marks omitted). As this matter involves a discrete piece of litigation, it therefore may be appealed.

Appellant also asserts that the district court erred in granting leave to appeal the holding of the bankruptcy court. Appellee responds that the district court's granting leave to appeal the bankruptcy court's order is interlocutory, and thus not subject to review. Yet, the order granting leave to appeal is in fact subject to review, as a final order has now issued from the district court. Accordingly, the district court's granting leave to appeal is subject to our review. To determine whether the district court's granting leave of appeal constituted an abuse of discretion, *see 28* U.S.C. § 158(a), an analysis of the merits of the issue is necessary.

Appellant contends that the vehicles at issue are part of the bankruptcy estate. Although the certificates of title of the vehicles have not been signed over to appellee, the sale of the vehicles had been consummated prior to Randall Farm's petitioning

for bankruptcy, which, under Louisiana law, is sufficient to transfer ownership of the vehicles. *See Zilkha Energy Co. v. Leighton*, 920 F.2d 1520 (10th Cir. 1990) (holding that the extent and efficacy of any such judicial lien is determined by state law); La. Civ. Code art. 2456 (noting that "[o]wnership is transferred between the parties as soon as there is agreement on the thing and the price is fixed, even though the thing sold is not yet delivered nor the price paid"); *Wright v. Barnes*, 541 So. 2d 977, 979 (La. App. 2 Cir. 1989) ("The sale of a motor vehicle is governed by the civil code articles relating to the sale of movables, and is not affected by non-compliance with the requirements of the Vehicle Certificate of Title [Law].") (internal citations omitted).

Thus, as appellee owns the vehicles at issue under Louisiana law, the district court was correct to conclude that appellant must endorse the certificates of title, a mere ministerial act to ensure compliance with the administrative proceedings of Louisiana law. Thus, the district court's granting leave of appeal does not qualify as an abuse of discretion and, moreover, reversing of the bankruptcy court's order was appropriate.

Accordingly, the district court's decision is AFFIRMED.