419 So.2d 16 (1982)
Cora Beatrice DEVILLE, Plaintiff-Appellant,
v.
PORT PIPE TERMINAL OF LOUISIANA, INC. and United States Fidelity and Guaranty Company, Defendants-Appellees.
No. 82-30.
Court of Appeal of Louisiana, Third Circuit.
July 28, 1982.
Rehearing Denied September 15, 1982.
Writ Denied November 19, 1982.
*17 Norman L. Williams, Billie C. Woodard, Lake Charles, for plaintiff-appellant.
Raggio, Cappel, Chozen & Berniard, Stephen A. Berniard, Jr., Lake Charles, for defendants-appellees.
Before SWIFT, DOUCET and LaHAYE, JJ.
LaHAYE, Judge Pro Temp.
This is a workmen's compensation case. Plaintiff, Cora Beatrice Deville, sued her employer, Port Pipe Terminal of Louisiana, Inc., and its workmen's compensation carrier, United States Fidelity and Guaranty Company, seeking compensation benefits and medical expenses for an alleged injury she received while in the course and scope of her employment. The sole issue on appeal is whether plaintiff proved that the injuries she suffered were caused by a work-related accident. In a well-reasoned opinion, the trial judge found that plaintiff failed in her burden of proving that her injuries were the result of a job-related accident. We adopt the following reasons of the trial court as our own:
"Plaintiff was employed as a laborer by Port City Terminal, Inc.,[1] and sues to recover compensation benefits and medical expenses for an alleged injury while she was handling pipe with a Stilson wrench.
Plaintiff testified that her accident occurred on July 23, 1980. She saw a company physician on July 31. She did not work thereafter. In August she was hospitalized and had an anterior cervical fusion at two levels. She was still wearing a neck brace on the day of trial (April 13, 1981). The prognosis is maximum recovery four months from the date of trial after which she should be able to return to full duty. There is some suggestion of the presence of a carpal tunnel syndrome which may or may not be accident caused.
Although it is undisputed that the operation in August was necessary to correct a cervical condition, there is a dispute as to its causation. Specifically, the employer disputes that plaintiff suffered a job related accident.
Plaintiff and her husband were both employed by defendant. On July 31 he was terminated because of an altercation on the job. On the same day plaintiff reported to her superiors that she had had an accident about a week before, on July 23. She made out an accident report and went to see a company physician. In the accident report she stated that three co-workers witnessed the accident, and named them. At the trial she testified that she had told two of her superiors when the accident happened, and mentioned it to other employees during the days intervening, and that she had had to be helped to perform some of her duties.
She called all eight of her co-workers on cross-examination. None of them witnessed the accident. None of them even heard about it until the day she and her husband left the job. In addition to failing to substantiate plaintiff's testimony that she had had an accident on July 23, her co-employees were unable to substantiate her testimony that she was working in severe pain during the period between July 23 and July 31, or that she had even mentioned the accident to them.
She saw the company doctor Richert in Sulphur on July 31. She told him the accident had happened on the 23rd. She saw two neurosurgeons later and told one of them that the accident had happened either on the 3rd or the 23rd.
Plaintiff's husband did not appear and testify. Two reasons were given for his absence: he stayed home to babysit for one of their daughters, who testified as a `before and after' witness, and plaintiff's counsel advised him to stay at home.
Two daughters testified as before and after witnesses. One was not asked when she learned about the accident and the other stated that she learned about it after *18 July 31, although she saw her mother regularly.
The weight and credibility of the testimony at odds with plaintiff's account of an accident causes the Court to conclude that her proof falls considerably short of a preponderance even by the liberal standards applicable in this type of case.
The Court finds that plaintiff has failed to prove that a job related accident occurred. Accordingly judgment must be rendered against her and in favor of defendant, dismissing her suit at her costs. The fees of the three expert witnesses who testified will be fixed at $150 each and taxed to costs. A formal decree will be signed when presented."
In order to recover workmen's compensation benefits, an employee must prove, among other things, that the personal injuries he received were "by accident arising out of and in the course of his employment." See LSA-R.S. 23:1031 which is quoted in pertinent part below.[2]
Whether a work-related accident occurred is a question of fact to be decided by the trial judge. Roussel v. Colonial Sugars Company, 318 So.2d 37 (La.1975) and Prim v. City of Shreveport, 297 So.2d 421 (La.1974). After recognizing that the issue was one of causation, specifically whether plaintiff suffered a job-related accident, the district judge found that plaintiff did not carry her burden of proving a job-related accident. The judge's decision depended on an evaluation of the plaintiff's credibility and upon the preponderance of the medical and lay testimony. Findings of the trial judge on factual issues in a workmen's compensation case are entitled to great weight and are not to be distrubed except on a showing of manifest error. Lanieux v. Iberville Services, Inc., 391 So.2d 1282 (La. App. 1st Cir. 1980) and cases cited therein; Canter v. Koehring Company, 283 So.2d 716 (La.1973). We have carefully reviewed the record under the established rules of appellate review and find it clearly supports the trial judge's conclusion on this factual issue.
For the reasons assigned, the judgment appealed from is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.
NOTES
[1] The correct name of plaintiff's employer is Port Pipe Terminal of Louisiana, Inc.
[2] LSA-R.S. 23:1031, in pertinent part, provides:

"If an employee, not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated."