FORET, Judge.
Randolph H. Stanfield, Jr. (Plaintiff) brought this workmen’s compensation action through his duly appointed curatrix[1], Essia L. Smith, against Insurance Company of North America, the workmen’s compensation insurer of plaintiff’s former employer, Stanfield Janitorial Service (Stanfield).
The United States of America intervened in this action seeking to recover the sum of $146,914.30, which it allegedly furnished to plaintiff as medical care through the Veterans Administration.
Trial of the main demand and intervention resulted in judgments dismissing both plaintiff’s action against defendant and the intervention. Plaintiff appeals.
FACTS
There is no dispute concerning the fact that plaintiff is totally and permanently disabled as a result of personal injuries suffered in a motorcycle-automobile collision, which occurred in Alexandria, on May 11, 1979, at approximately 12:45 P.M. At that time, plaintiff was employed in a supervisory capacity by Stanfield. It was stipulated that plaintiff was an hourly wage employee earning $4.10 per hour for a 40-hour work week, or $164.00 per week. It was also stipulated that defendant provided workmen’s compensation insurance coverage for Stanfield at this time. Plaintiff instituted this action when defendant refused to pay any workmen’s compensation benefits to him.
The sole issue at trial and on appeal is whether plaintiff’s accident arose out of or in the course of his employment.
PLAINTIFF’S BURDEN OF PROOF
Plaintiff contends that the trial court committed manifest error in finding that he had failed to prove that he had received personal injury by accident arising out of and in the course of his employment. He argues that the trial court placed a higher burden of proof on him, than by a preponderance of the evidence, regarding this issue. He further argues that he did prove, by a preponderance of the evidence, that his accident was work-related.
The plaintiff-employee in a workmen’s compensation action, in order to successfully maintain a claim for disability benefits, must prove, by a preponderance of the evidence: that he received personal injury by accident arising out of and in the course of his employment; that he is disabled; and, that his disability resulted from injuries sustained in the work-related accident. See Laughlm v. City of Crowley, 411 So.2d 708 (La.App. 3 Cir.1982), and authorities cited therein.
LSA-R.S. 23:1031 provides that compensation shall be allowed for accidental injury “arising out of and in the course of” the claimant’s employment. Under the jurisprudence interpreting this statute, it has been held that the terms “arising out of” and “in the course of” are not synonymous but, nevertheless, must be considered together. To “arise out of” the employment, the accident must be the result of some risk to which the employee is subjected in the course of his employment and to which he would not have been subjected had he not been so employed. Time, place and circumstance must determine this. An accident occurs during the course of the *1298 employment when it occurs during the time of the employment and at a place contemplated by it. See Laughlin v. City of Crowley, supra, and authorities cited therein.
We find no merit to plaintiff’s argument that the trial court placed a higher burden of proof on him than by a preponderance of the evidence. Plaintiff notes the following language found in the trial court’s written reasons for judgment:
“Since this accident occurred in the manner in which it did, several miles from the work site, it would be normally presumed that the plaintiff was not necessarily within the scope of his employment, and in such case, would have a substantial burden of proof to establish that the accident was, in fact, job related.”
However, the trial court went on to state that:
“In this particular case, the Court is strickened (sic) with the inability of the plaintiff to speak or to communicate, and would be inclined to give plaintiff any reasonable benefit of a doubt. However, the evidence submitted on behalf of the plaintiff, when viewed in the face of all of the facts and circumstances before the court, simply does not convince the court that this accident arose out of plaintiff’s employment, and that plaintiff simply did not sustain the burden of proof required in a workmen’s compensation case.”
It appears that the trial court may have erroneously placed a higher burden of proof on plaintiff, than that set out in the above mentioned jurisprudence. In any event, the record clearly supports a finding that plaintiff failed to prove his case by a preponderance of the evidence.
As to plaintiff’s contention that he proved his ease by a preponderance of the evidence, the record reveals the following regarding this issue. Randolph Stanfield, Sr., plaintiff’s father and the owner of Stanfield Janitorial Service, testified that plaintiff’s only duty was to supervise employees of the firm that were working at England Air Force Base. Plaintiff was to arrive at the base around 9:00 A.M. to check on any complaints received prior to that time regarding services provided by the firm. The contract between Stanfield and the U.S. Government provided that such complaints had to be corrected by 2:00 P.M. However, the firm was not responsible for correcting complaints that day, which were received after 9:00 A.M. After checking to see if there were any complaints, plaintiff would then spend approximately two to three hours supervising employees in the various buildings located there. He would leave and return around 5:00 P.M. to supervise those employees working the evening shift.
Stanfield, Sr. and Andrew Andries, the Contract Monitor for service contracts concerning the base, both testified that they did not see plaintiff at the base on the day the accident occurred. Stanfield, Sr. stated that he looked for plaintiff that morning prior to going to the base to sign the complaint checklist. He then returned to Alexandria to look for plaintiff again, but was unable to find him.
At the time, plaintiff was living at his mother’s house and had been furnished a truck by the firm for use in connection with the firm’s business. He had been instructed to use the truck whenever he was working. Both times that Stanfield, Sr. passed by plaintiff’s mother’s house looking for him, the truck was there, but either plaintiff’s personal automobile or his motorcycle was gone. Stanfield, Sr. heard nothing from plaintiff until he was informed of the accident around 1:00 P.M.
Donald Stanfield, plaintiff’s brother, testified that he too did not see plaintiff at the base on the day the accident occurred. However, he did see plaintiff around 12:30 P.M. or 1:00 P.M. that day, when plaintiff arrived at his house on his motorcycle. Plaintiff stayed a short while and then left. Donald stated that plaintiff told him that he was leaving to “.. . get something for the base ... ”, and that they would go to the base as soon as he returned. When plaintiff failed to return, Donald left for the base and learned on the way that his brother had been in an accident. Donald’s testimony as to what plaintiff told him be *1299 fore leaving his house is virtually the only evidence in the record indicating that plaintiff was engaged in his employer’s business when the accident occurred.
Roosevelt Williams was called as a witness by defendant for impeachment purposes. Donald had testified that he had not gone to his mother’s home on the day the accident occurred. However, Williams testified that he saw both Donald and plaintiff at their mother’s house around noon on that day and talked to them. He testified that while he did not see them leave, he heard their motorcycles start and then pass by his house. A short while later, an unidentified woman came to his house and told him of the accident.
It is obvious that the trial court’s finding in this case is based upon its own credibility evaluations of the witnesses presented. It is our opinion that the trial court’s finding, that plaintiff failed to prove that he received personal injury by accident arising out of and in the course of his employment, is not clearly wrong.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.
STOKER, J., concurs and assigns written reasons.

. As a result of injuries suffered in the accident, plaintiff has been rendered a quadraplegic and is currently in a semi-comatose state.