448 So.2d 871 (1984)
Claude GALLIEN, Plaintiff-Appellant,
v.
SUPREME CONTRACTORS, INC., et al., Defendants-Appellees.
No. 83-570.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1984.
*872 Felix A. DeJean, III and Thomas J. DeJean, Opelousas, for plaintiff-appellant.
Guglielmo & Lopez, James C. Lopez, Opelousas, for defendants-appellees.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOMENGEAUX, Judge.
This is a worker's compensation case in which plaintiff seeks on the job benefits for a back injury which he allegedly sustained while in the defendant's employ. From a judgment rendered against him, plaintiff appeals.
Plaintiff, Claude Gallien, became employed by defendant, Supreme Contractors, Inc., as a general laborer on September 1, 1981. Mr. Gallien claims that on September 15, 1981, he fell and landed on his right knee. At some point later that day he allegedly fell again, and subsequently began experiencing pain in his knee and lower back.
The plaintiff worked from the date of the alleged accident, September 15, 1981, until October 27, 1981. During that time he never complained to his foreman and never told him that he was having any problems because of the accident. Mr. Gallien did not seek any type of medical attention until some six weeks after the accident allegedly occurred. At that time plaintiff was treated by a chiropractor, Dr. Joe Wilson.
Appellant has placed much emphasis on the testimony of the chiropractor. This testimony was lengthy and detailed. Doctor Wilson testified that he believed that *873 Claude Gallien had subluxations in the lumbar and cervical spine. However, Doctor Wilson did not say that this condition was related to the plaintiff's history of having fallen at work. In fact at the time of treatment, Doctor Wilson was not even informed of the claimed accident. According to Doctor Wilson subluxations of the spine could arise from a variety of reasons, including daily activity and stress. Doctor Wilson further testified that he had previously treated Mr. Gallien for subluxations of the spine in 1977 and 1978. Doctor Wilson testified as follows when asked whether the plaintiff was a malingerer: "I would not say categorically that he was malingering, but I did suggest at that time that he attempt some kind of work to see how he could sustain himself through a day of eight hours of something."
The only other medical evidence in the record consisted of the deposition of Dr. J. Frazer Gaar, a Board certified orthopedic surgeon. Doctor Gaar first saw Mr. Gallien for evaluation on December 1, 1981. After a thorough examination, it was Doctor Gaar's expert opinion that Mr. Gallien suffered from no injuries or orthopedic problems which would preclude him from returning to work. Subsequent thereto and after this lawsuit was initiated, Doctor Gaar re-evaluated Mr. Gallien on March 30, 1982. Again the results of the evaluation were the same: Mr. Gallien suffered no objective signs of orthopedic problems. Doctor Gaar testified that he x-rayed Mr. Gallien on both his first and second examination and that the x-rays showed no subluxation or slipping of the vertebrae.
In a workmen's compensation case, the claimant has the burden of proving to a legal certainty and by a reasonable preponderance of the evidence that he is disabled. Bordelon v. Ranger Insurance Company, 413 So.2d 962 (La.App. 3rd Cir. 1982), writ denied, 420 So.2d 448 (La.1982). Though the procedural rules are construed liberally in a compensation case, the burden of proof is not relaxed. Thus, the testimony on the whole must show that more probably than not, the employment related accident occurred, and the accident had a causal relationship to a disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Jones v. Alexander, 399 So.2d 216 (La.App. 2nd Cir. 1981), writ denied, 400 So.2d 1383 (La. 1981). Therefore, there are three elements which the plaintiff must prove by a preponderance of the evidence: That he received a personal injury by the accident arising out of the course and scope of his employment; that he is disabled; and that that disability resulted from the injury sustained in the work related accident. Stanfield, through Smith v. Insurance Company of North America, 420 So.2d 1296 (La.App. 3rd Cir. 1982), writ denied, 423 So.2d 1180. In this case, the plaintiff has failed to prove these elements by a preponderance of the evidence. There is considerable doubt as to whether the accident ever occurred on the job. Further, the plaintiff has failed to prove that he is disabled. He admits that he only suffers from backache temporarily. The pain is "on again, off again" and even the plaintiff's chiropractor admits that Mr. Gallien can continue some type of employment. Finally, there was no testimony that would seem to indicate that the disability resulted from the alleged accident. In fact, the claimant worked a five to six weeks period prior to seeking any chiropractic attention. His own chiropractor testified that "subluxations do not necessarily result from trauma," and can come on suddenly and due to almost anything. Additionally, this is not a "substantial pain" case. Doctor Gaar testified that there is absolutely no orthopedic explanation of the alleged pain in the plaintiff's knee. The plaintiff admits that he is not continually bothered by any pain, and he claims that it comes on only under certain circumstances. Further, he has not shown that the pain is substantial by any means.
This is simply a case where the trial judge made certain factual determinations and concluded that the plaintiff had not proven his case by the preponderance of the evidence. The findings of a trial judge are entitled to great weight, and are not to be disturbed except on a showing of *874 manifest error. Deville v. Port Pipe Terminal of Louisiana, Inc., 419 So.2d 16 (La.App. 3rd Cir.1982), writ denied, 422 So.2d 424 (La.1982). Great weight is afforded to the findings of the trial court with regard to credibility of the plaintiff in a workmen's compensation proceeding. Joseph v. Martin Mills, Inc., 394 So.2d 722 (La.App. 3rd Cir.1981). Mr. Gallien has not proven that an accident occurred on the job, that he has suffered from any disability, or that any disability was the result of the accident. He contradicted himself several times on the stand, was impeached by the introduction of a previous workmen's compensation settlement which he denied ever took place, and became confused when these discrepancies were pointed out to him. The trial court judge, who had the opportunity to view the plaintiff and evaluate his truthfulness, made a factual finding that his testimony was inadequate to prove that any accident occurred.
After a thorough review of the record in this case, and the law applicable thereto, we cannot say that the trial judge abused his discretion in refusing to award the plaintiff worker's compensation benefits.
For the above and foregoing reasons the judgment dismissing plaintiff's claim is affirmed. Plaintiff is to pay the costs of this appeal.
AFFIRMED.