462 So.2d 1366 (1985)
Vern KILGORE, Plaintiff and Appellant/Appellee,
v.
WESTERN CASUALTY & SURETY COMPANY, Defendant and Appellee/Appellant.
No. 84-114.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1985.
Writ Denied April 1, 1985.
W.T. Armitage, Alexandria, plaintiff-appellee.
James D. Davis, Alexandria, for plaintiff and appellant, appellee.
Trimble, Percy, Smith, Wilson, Foote, Walker & Honeycutt, H. Gregory Walker, Jr., Alexandria, for defendant and appellee, appellant.
Before DOUCET, YELVERTON and KNOLL, JJ.
*1367 DOUCET, Judge.
Vern Kilgore brought this workmen's compensation suit against his employer's insurer, Western Casualty and Surety Company (Western) seeking total and permanent disability benefits and statutory penalties and attorney's fees. The trial court held that the plaintiff sustained a disabling injury in a job-related accident but concluded that the duration of the disability was not permanent but only for sixty weeks. No statutory penalties or attorney's fees were awarded. The plaintiff perfected a devolutive appeal and the defendant perfected a suspensive appeal.
The plaintiff was employed by Western's insured, Hemphill Construction Company, during the Spring and early Summer of 1982. Mr. Kilgore claims that on Thursday, June 10, 1982, he injured his back while lowering a bucket of wet cement to a co-worker in a sewer manhole. The plaintiff continued working on the day of the alleged accident and completed the workday on the following Friday. On the subsequent Monday, the plaintiff went to the emergency room of the Veterans' Administration Hospital in Alexandria, La., where he was briefly examined and scheduled for an appointment with an orthopedic specialist. Worker's compensation benefits for a total disability were commenced on this day. On July 8, 1982, the plaintiff was examined by Dr. Jorge Sanchez at the VA Hospital who noticed some muscle spasms and general tenderness in the lower back region. X-rays were taken and Dr. Sanchez prescribed pain medication and muscle relaxers along with rest. On the second visit on July 29, 1982, Mr. Kilgore told Dr. Sanchez that his back had improved and Dr. Sanchez noted that there were no movement limitations. Dr. Sanchez noted from the X-rays that Mr. Kilgore had a degenerated condition in the discs of his lower spine. However, in his deposition, Dr. Sanchez said that it was doubtful that this condition was induced by the alleged trauma of June 10, 1982. Dr. Sanchez instructed Mr. Kilgore that he could try to return to work because he did not detect any serious problems and Mr. Kilgore had said that his condition had improved. Workmen's compensation payments were terminated at this point based on Dr. Sanchez' recommendation.
Mr. Kilgore never returned to work but instead, moved to Houston, Texas to live with his son in August of 1982. In November of 1982, Mr. Kilgore worked for Norton and McNaughton Pipeline Co. in Houston for about two weeks as a general helper in the pipe yard until he was unable to continue because of alleged back problems. Mr. Kilgore then moved to Ann Arbor, Michigan where he remained unemployed. In February of 1983 Mr. Kilgore was examined by Dr. George Ferre while he was in Michigan. Dr. Ferre, who is an orthopedic specialist, observed the same spinal condition detected by Dr. Sanchez along with a pinched nerve. However in his deposition, Dr. Ferre stated that Mr. Kilgore's spinal disc problem could have possibly been induced by trauma. Also, Dr. Ferre stated unequivocally that Mr. Kilgore was unable to work in the capacity in which he was accustomed. An examination conducted on the day of the deposition confirmed this diagnosis.
In June of 1983, Mr. Kilgore returned to Houston, Texas where he remained unemployed. On May 31, 1983, he instituted this action seeking permanent and total disability benefits. Compensation payments were made from the initial visit to the VA Hospital on June 14, 1982 until Dr. Sanchez suggested that he return to work on July 30, 1982. Thus, the plaintiff is seeking the alleged accrued benefits from the date of their termination, along with penalties and attorney's fees.
A trial was conducted on the matter in which only Mr. Kilgore testified. All other testimony was submitted to the court by deposition. Mr. Kilgore testified that as he was lowering a bucket of wet cement into the manhole, the rope slipped, forcing him to suddenly grab the rope. The suddenness of the move along with the impact of the weight, according to Mr. Kilgore, wrenched his back. Mr. Kilgore added that his back problem began after this incident and that this condition neither improved *1368 nor worsened to any significant extent since the alleged accident on June 10, 1982. Mr. Michael Frank, who was Mr. Kilgore's co-worker on the day of the alleged accident, was deposed and his deposition was submitted to the trial court. Mr. Frank testified that he did not recall the accident that Mr. Kilgore described as the cause of his back problems.
The trial court concluded that the variety of back problems from which Mr. Kilgore suffers were not caused by the alleged accident on June 10, 1982. However, the trial court held that the plaintiff did sustain some work-related back trauma from the accident and awarded Mr. Kilgore total disability benefits for sixty weeks. In fixing the amount, the trial court ignored a pre-trial stipulation which set the amount at $167.00 and fixed the monthly amount at $204.00. The trial court also held that no penalties or attorney's fees were appropriate and awarded the medical costs of Dr. Ferre's fee and all of the costs of the litigation to Mr. Kilgore.
The plaintiff perfected a devolutive appeal wherein he argues that the trial court erred in failing to find that the accident is the cause for Mr. Kilgore's permanent disability and in refusing to assess penalties and attorney's fees. The defendant perfected a suspensive appeal wherein it contended that the trial court was manifestly erroneous in concluding that there was a work-related accident. The defendant also contends that the trial court erred in concluding that the duration of the disability was sixty weeks if there was a disabling accident. Finally, the defendant contends that to ignore the pre-trial stipulation that fixed the claimant's salary was an error.
The claimant in a workmen's compensation case must establish by a preponderance of the evidence three elements of proof in order to recover disability benefits; (1) That the claimant sustained a job-related personal injury; (2) That the claimant was/is disabled; and (3) That the disability is causally related to the injury sustained in the job-related accident. Gallien v. Supreme Contractors, Inc., 448 So.2d 871 (La.App. 3rd Cir.1984); Bateman v. Power Rig Rental Tool Company, 453 So.2d 998 (La.App. 3rd Cir.1984). In every case the totality of the evidence, medical and lay, must be examined by the court in making its determination of whether to grant a disability award. Crawford v. Al Smith Plumbing and Heating Service, Inc., 352 So.2d 669 (La.1977); Latiolais v. Home Insurance Company, 454 So.2d 902 (La. App. 3rd Cir.1984). On appellate review the trial court's factual findings are entitled to great weight and will not be disturbed on appeal absent clear error. Culp v. Beldon Corp., 432 So.2d 847 (La.1983); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The trial court concluded that Mr. Kilgore did sustain disabling injuries in a work-related accident. The defendant contends that the trial court was manifestly erroneous in so holding. In support of this contention, the defendant notes the testimony of Mr. Frank who very firmly stated that no such accident occurred creating a direct contradiction between this testimony and the testimony of Mr. Kilgore. Great weight is afforded to the findings of the trial court with regard to the credibility of the plaintiff in a workmen's compensation proceeding. Joseph v. Martin Mills, Inc., 394 So.2d 722 (La.App. 3rd Cir.1981). Although the trial court stated that it learned very little from the plaintiff's testimony, it was apparently sufficiently satisfied with his credibility to conclude that a disabling injury occurred. It should be noted that only the plaintiff testified in open court while the testimony of Mr. Frank was reviewed by deposition. Accordingly, the trial court was unable to view Mr. Frank's testimony thereby giving greater weight to the plaintiff's testimony. Although there are perhaps other more reasonable conclusions to be drawn from this evidence, this factual conclusion is not clearly wrong and therefore will not be disturbed on appeal.
The second element of proof in a workmen's compensation claim is the establishment of a disability. In the instant case the plaintiff is obviously suffering from a deteriorating back condition. This fact is *1369 amply supported by the record. The trial court took specific notice of the plaintiff's plight and expressed its sympathy. The crucial issue, however, is the establishment of the causal connection between the disability and the job-related accident. The trial court held that Mr. Kilgore's various back ailments were not caused by the accident on June 10, 1982. The trial court instead held that the work-related back problems "should have been resolved by September of 1983". The plaintiff argues that the court erred in concluding that the work-related disability was not permanent while the defendant contends that the trial court erred concluding that the plaintiff's disabilities subsequent to the termination of compensation payments were work-related.
On appellate review, the trial court's factual findings with regard to the issue of disability are entitled to great weight and will not be disturbed absent clear error. Culp v. Belden Corp., supra. A review of the record indicates that the trial court was clearly wrong in its conclusion regarding the duration of Mr. Kilgore's work-related disability. There is nothing in the record to suggest that a work-related disability would have been resolved by September of 1983. This date seems to have been arbitrarily fixed. The trial court correctly concluded that the full range of disabilities were not work-related but was manifestly erroneous in concluding that the claimant's disabilities subsequent to July 29, 1984 were work-related. Much of the claimant's activities subsequent to this date are not accounted for in the record. There were no reasons given why the plaintiff did not return to work as his physicians suggested. We are mindful of the fact that the claimant does suffer from a debilitative back condition but we are not convinced that it was caused by a work-related accident. Any disability subsequent to July 29, 1984 was not work-related and thus not compensable. It is with reluctance that we reverse a trial court's factual conclusion with regard to disability but in this case the record justifies our conclusion. Gauthier v. Helmerich & Payne Drilling, 401 So.2d 692 (La.App. 3rd Cir. 1981). We hold that the trial court was manifestly in error in concluding that the plaintiff was disabled beyond the time that Western terminated compensation benefits.
Because we hold that the plaintiff is not entitled to any additional compensation payments, the issue of penalties and attorney's fees along with the pre-trial stipulation need not be addressed. We hold that the trial court was not clearly wrong in concluding that the claimant's many back afflictions are not work-related. However, the trial court clearly erred in granting benefits beyond the date of the claimant's discharge by Dr. Sanchez. The plaintiff is cast with the costs of Dr. Ferre's fees and also with the cost of his deposition.
For the foregoing reasons the judgment of the trial court is affirmed in part and reversed in part. Both parties are cast with the cost of this appeal.
AFFIRMED IN PART, AND REVERSED IN PART.