GUIDRY, Judge.
On July 6, 1984, plaintiff, B & L Engine Service, Inc. (hereafter B & L), filed suit against Susan L. Murrah, d/b/a K & S Trucking Company (hereafter K & S) seeking judgment for the sum of $3,806.00 as the cost of repairs allegedly performed on a 1981 Kenworth truck. At the time of repair, the truck was owned by Leasing Services, Inc. (Leasing), but was under lease to K & S. B & L obtained a writ of sequestration, pursuant to La.R.S. 9:4501[1], and the truck was seized. At the time of seizure, the truck had been sold by Leasing to Ken’s Truck and Trailer Sales, Inc. (hereafter Ken’s). Ken’s intervened in the suit, seeking to dissolve the writ of sequestration as having been wrongfully issued. Ken’s also filed a third party demand against Leasing, seeking damages for breach of warranty. Ken’s thereafter bonded the sequestration and secured a release of the truck.
Leasing filed third party demands against B & L and Susan and Kenneth L. Murrah.[2] Leasing asserted that any damages which Ken’s might have suffered *1105 were the result of the improper seizure of the truck by B & L.
On November 9, 1984, a default judgment was rendered in favor of B & L against Susan Murrah, d/b/a K & S, in the amount of $3,806.00 plus interest, costs and attorney’s fees. The issue of the validity of the writ of sequestration was deferred to further proceedings. This judgment is now final.
On June 17, 1985, the trial court rendered judgment in favor of B & L, finding that the writ of sequestration was validly issued and thus B & L was entitled to recover the amount of its prior judgment from the cash bond placed in the registry of the court by Ken’s. Judgment was also rendered in favor of Ken’s on its third party demand against Leasing for the following sums:
(a) $5,000.00, the amount of the bond which Ken’s placed in the registry of the court, plus interest of $1.37 per day from October 16, 1984 until paid;
(b) $500.00 in general damages;
(c) $1,200.00 for attorney’s fees; and,
(d) Interest in the sum of $853.51.
The trial court dismissed the claims asserted by Ken’s in its petition of intervention and also the claim set forth by Leasing through its third party demand against B & L. Leasing’s third party demand against Susan and Kenneth Murrah was continued without date and, according to the record, has not yet been disposed of. Leasing was cast with all costs.
Leasing suspensively appealed the trial court’s judgment and sets forth the following three assignments of error:
(1) The trial court erred in not finding that there was sufficient proof of the existence of a promissory note executed by K & S to B & L and in not finding that B & L thus had waived its lien under La.R.S. 9:4501;
(2) The trial court erred in holding Leasing liable in warranty to Ken’s, since Ken’s purchased the truck with full knowledge of the outstanding lien; and,
(3)The trial court erred in awarding attorney’s fees to Ken’s.
FACTS
The facts are relatively simple and, for the most part, are not in dispute. On October 3, 1983, Velma A. Lewis (Susan Mur-rah’s mother) and Kenneth L. Murrah entered into a lease agreement with Leasing, whereby the former leased a 1981 Ken-worth truck at a stated rental. The truck was to be used in a business owned by Kenneth and Susan Murrah, then husband and wife, called K & S Trucking Company. As the leasing agreement provided that the lessees were responsible for all maintenance on the truck, the Murrah’s brought the truck to B & L Engine Services, Inc. for certain repair work in 1984. Extensive repair work was performed by B & L on March 12, 1984. B & L also performed minor repair work on the truck on February 20, 1984 and April 16, 1984. The total bill for these three repair jobs amounted to $4,806.00. Kenneth and Susan Murrah paid $1,000.00 towards this bill, leaving a balance of $3,806.00.
As a result of the Murrahs’ failure to pay the remainder of the bill, B & L filed the instant suit and a writ of sequestration issued against the truck. Prior to seizure under the writ, the Murrahs returned the truck to Leasing in exchange for cancellation of the lease agreement. Leasing thereafter placed the truck on Ken’s lot for sale.
While the truck was located on Ken’s lot, the sheriff attempted to seize it, pursuant to the writ of sequestration. Upon being apprised that the truck was neither owned nor leased by the Murrahs or K & S, the attempted seizure was aborted.[3] The sheriff later returned to Ken’s lot and effected a seizure of the truck. At this time, Ken’s had already purchased the truck from Leasing with full warranty of title.
*1106 PROMISSORY NOTE
Leasing’s first assignment of error raises the issue of whether or not a novation of the debt occurred with B & L’s alleged acceptance of a promissory note from Kenneth Murrah. We find no merit to this argument.
The only evidence adduced at the hearing in this matter, which supports the existence of any such promissory note, was the testimony of Susan Murrah. Susan testified that she became aware of the existence of the promissory note executed by her husband, Kenneth, in May of 1984. She testified that Todd Lemaire, President of B & L, showed her the note and demanded payment of same. Susan did not remember the exact amount of the note or the date of the note. To the contrary, Todd Lemaire testified at trial that, although he and Kenneth Murrah discussed the possibility of executing a promissory note, so such note was ever made. The trial court found that there was insufficient evidence to prove the existence of a promissory note. In his written reasons for judgment, the trial judge stated:
“[t]he lawsuit was not filed upon such a note and in fact there is no written evidence that such a note existed, nor is there any credible evidence that at any time it did exist. The whole argument thus falls.”
The factual findings of the trial court are entitled to great weight and will not be distrubed except upon a showing of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Deville v. Port Pipe Terminal of Louisiana, Inc., 419 So.2d 16 (La.App. 3rd Cir.1982), writ denied, 422 So.2d 424 (La.1982). The trial judge in the instant case apparently afforded greater weight to Lemaire’s testimony and the fact that no promissory note was ever produced at trial, than he did to Susan Murrah’s testimony. We cannot say that the trial judge clearly abused his discretion in so holding.
WARRANTY
Leasing next complains that the trial court erred in allowing Ken’s recovery under warranty, in that Ken’s had knowledge of the Repairman’s Lien prior to purchasing the truck.
The following code articles are pertinent to our consideration of this issue:
La.C.C. art. 2475:
“The seller is bound to two principal obligations, that of delivering and that of warranting the thing which he sells.”
La.C.C. art. 2476:
“The warranty respecting the seller has two objects; the first is the buyer’s peaceable possession of the thing sold, and the second is the hidden defects of the thing sold or its redhibitory vices.”
La.C.C. art. 2501:
“Although at the time of the sale no stipulations have been made respecting the warranty, the seller is obliged, of course, to warrant the buyer against the eviction suffered by him from the totality or part of the thing sold, and against the charges claimed on such thing, which were not declared at the time of the sale.”
La.C.C. art. 2503:
“The parties may, by particular agreement, add to the obligation of warranty, which results of right from the sale, or diminish its effect; they may even agree that the seller shall not be subject to any warranty.
But whether warranty be excluded or not the buyer shall become subrogated to the seller’s rights and actions in warranty against all others.”
The sale of the truck by Leasing to Ken’s contained the following language, “[w]ho (seller) also declares and affirms that there is no mortgage, lien, or encumbrance of any nature whatsoever against the above described motor vehicle or any accessories attached thereon.”
Leasing now urges that, since Ken’s was aware that a lien existed against the truck, as evidence by the sheriff’s several attempts to seize under the writ of sequestration, there was no reason for Leasing to exempt this lien from the warranty. In support of its contention, Leasing relies upon the case of Collier v. Fox, 451 So.2d *1107 169 (La.App. 1st Cir.1984), writ denied, 458 So.2d 123 (La.1984). Collier held that, where the buyer knows that the seller’s title is imperfect, he cannot call the seller in warranty in the event of eviction.
In Collier, supra, plaintiffs purchased a donut shop with full knowledge that the seller merely had the use of the shop’s name, “Mary Lee Donut”, and could only transfer such name subject to certain specified conditions. Plaintiffs brought suit against its vendor to rescind the sale on the basis of breach of warranty in that the vendors did not actually have a proprietary interest in the name “Mary Lee Donut”. The trial court held that, since the plaintiffs were informed prior to the sale that they were acquiring only the right to use the name under certain conditions, they were precluded from recovering in warranty against their vendor. The court also found that a disturbance of plaintiffs’ possession had never occurred since plaintiffs never actually acquired ownership of the name “Mary Lee Donut”.
The instant case is readily distinguishable from Collier. In the case sub judice, the record reflects that Ken’s was assured by Leasing that the encumbrance on the truck was invalid or, in any event, that it would be taken care of by Leasing prior to the sale. Thus, Ken’s purchased the truck with the assurance from Leasing that the Repairman’s Lien no longer existed. This assurance, in essence, added to Leasing’s obligation of warranty. La.C.C. art. 2503 authorizes such agreements to expand the seller’s warranty of title.
For these reasons, we find no error in the trial court’s award of damages to Ken’s for the breach of warranty by Leasing.
ATTORNEY’S FEES
In its final assignment of error, Leasing asserts that the trial court erred in awarding Ken’s attorney’s fees. We agree.
La.C.C. art. 2506 lists the damages which are recoverable by an evicted purchaser against a seller as follows:
“When there is a promise of warranty, or when no stipulation was made on that subject, if the buyer be evicted, he has a right to claim against the seller:
1. The restitution of the price.
2. That of the fruits or revenues, when he is obliged to return them to the owner who evicts him.
3. All the costs occasioned, either by the suit in warranty on the part of the buyer, or by that brought by the original plaintiff.
4. The damages, when he has suffered any, besides the price that he has paid.”
The jurisprudence has consistently held that attorney’s fees are not considered as part of the costs occasioned by the eviction of a purchaser and thus cannot be recovered. Calvary Tabernacle v. Louisiana Central Bank, 393 So.2d 708 (La.1981); Miller v. Patterson, 240 So.2d 22 (La.App.2d Cir.1970).
DECREE
For the above and foregoing reasons, the judgment of the district court assessing attorney’s fees against Leasing Services, Inc. in the sum of $1,200.00 is reversed and set aside. In all other respects, the judgment appealed from is affirmed. All costs of this appeal are assessed to Leasing Services, Inc.
AFFIRMED IN PART; REVERSED IN PART; AND, RENDERED.

. La.R.S. 9:4501 grants a repairman of automobiles and other machinery a privilege on the repaired vehicle for the amount of the cost of repairs, parts furnished, and labor performed.

. Kenneth L. Murrah, Susan’s ex-husband, was never served.

. There is some dispute in the record as to whether a second failed attempt at seizure was made by the sheriff before the truck was finally seized.