JjDOUCET, Judge.
The plaintiff appeals from a judgment of the administrative hearing officer dismissing plaintiffs claims for temporary and total disability benefits in a worker’s compensation suit.
This is a fact ease. Following a hearing on the merits, the administrative hearing officer clearly and accurately outlined the matter, including the medical evidence presented, and set forth her findings of fact and conclusions of law in “written reasons” for judgment as follows:
jaThis workers’ compensation claim was filed by plaintiff, CLARINDA R. GULLAT [sic], against her former employer, J.C. PENNEY. The parties stipulated at trial that plaintiff sustained an accident within the course and scope of her employment on January 19, 1991. At issue is whether plaintiffs claim is prescribed and the nature and extent of disability, if any.
Plaintiff, CLARINDA R. GULLAT [sic], testified at trial that she is 28 years old. On January 19,1991, plaintiff was working in the drapery department, pushing on a spring tension rod, when she felt pain in her back.
Plaintiff testified that she saw Charles Herring, D.C. and did not work for approximately two weeks. Plaintiff then returned to light duty.
She was also examined at the Alexandria Orthopaedic Clinic. Moderate muscle spasm was noted. She was referred back to Dr. Herring or to a physical therapist.
Dr. Herring released plaintiff to return to work on April 12, 1991. He stated that no residuals were expected.
Plaintiff was terminated in April of 1991. She stated that she was terminated for violation of company policy. She had given a refund to a customer without subtracting the refund from her commission. Plaintiff testified that she would have continued to work had she not been terminated.
Plaintiff applied for unemployment insurance benefits but was not qualified.
During the period April, 1991 through July, 1991, plaintiff did not work or see any physician. She testified that she was able to perform housework, including sweeping and mopping, vacuuming, dusting and edging grass outside.
Plaintiff testified that her back pain reappeared one Saturday, as she was helping to give a garage sale. She stated that she sat down and was not able to get up due to pain.
|30n July 8, 1991, plaintiff traveled to the emergency room for treatment of back pain. A pulled muscle was diagnosed and medication prescribed. The emergency room physician signed a certificate that plaintiff could return to light work on July 13, 1991. The light duty was to continue until July 20, 1991.
Plaintiff saw Dr. C. Babson Fresh, neurologist, on August 12, 1991. His records reflect an essentially normal CT scan without contrast.
Plaintiff participated in the Comprehensive Spine Program from January 13, 1992 through March 6,1992. She was reported as working at a low level with minimal effort. Due to a slight bulge noted on previous tests, plaintiff was assigned a 5% impairment rating by Dr. Phillip Osborne. It should be noted that some test results indicated symp *756 tom magnification, since the results were anatomically inconsistent.
Dr. Osborne and other physicians with the Comprehensive Spine Program feel that plaintiff can perform sedentary, light and borderline medium employment, with the restriction of lifting up to 30 pounds, and no frequent lifting and carrying over 10 pounds. She can sit or stand for 2 hours without alternating positions. She can occasionally bend, stoop, squat, and kneel.
Plaintiff testified that she is unable to mow grass, her housework takes two or three days to complete, and she can only do laundry by lifting one article at a time. She states that she could have continued to work in the drapery department until the date of her emergency room visit.
Plaintiff’s husband, David Gullatt, testified that she did no lifting at the garage sale before she complained of back pain. Plaintiffs father, Lloyd Drewett, testified that plaintiff has appeared to be in pain since July, 1992. Plaintiffs mother, Freída Drew-ett, testified that plaintiff appears to be in pain from time to time. She corroborated the plaintiffs testimony as to the appearance of back pain on the day of the garage sale.
I4A preponderance of the evidence indicates that plaintiff was no longer totally disabled from the back injury which resulted from the January 19, 1991 accident at work by the time she returned to light duty. Plaintiff worked fight duty without apparent difficulty and would have continued to work if her employment had not terminated for cause on April 24, 1991.
Plaintiff has not carried her burden of proving that the back pain which appeared almost three months later, on July 8, 1991, was related to the accident at work. Plaintiff sought no medical treatment during the period April, 1991 through July, 1991. The activities plaintiff was performing were in connection with a garage sale. No physician relates the July 8, 1991 incident to the accident at work, although plaintiff gave histories of both incidents to the emergency room physician and physicians with the Comprehensive Spine Program.
The elements of proof in a worker’s compensation suit were outlined by this court in Dominick v. CNA Ins. Co., 497 So.2d 758, 762 (La.App. 3 Cir.1986), writ denied, 501 So.2d 231 (La.1987).
A claimant in a worker’s compensation suit must establish by a preponderance of the evidence three elements of proof in order to recover disability benefits: (1) a job-related personal injury; (2) disability (whether physical or mental); and (3) a causal relationship between the disability and the injury sustained in the job-related accident. See Kilgore v. Western Casualty & Surety Company, 462 So.2d 1366 (La. App. 3rd Cir.1985), writ denied 466 So.2d 470 (La.1985).
Plaintiff essentially argues that the hearing officer erred in finding she did not prove the third element. Plaintiff asserts she is entitled to the evidentiary presumption of causation established in the case of Lucas v. Ins. Co. of North America, 342 So.2d 591 (La.1977), and restated in Housley v. Cerise, 579 So.2d 973, 980 (La.1991), as follows:
IfA claimant’s disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.
Plaintiff further asserts the medical records and plaintiffs credible uncontradicted testimony show that her disabling condition occurring on July 8,1991, was causally connected to her job-related accident of February 19, 1991. In Bruno v. Harbert Inter. Inc., 593 So.2d 357, 361 (La.1992), the Louisiana Supreme Court stated:
Despite the liberal construction of the statute afforded the worker in a compensation action, the worker’s burden of proof is not relaxed. Prim v. City of Shreveport, 297 So.2d 421 (La.1974). Rather, as in other civil actions, the plaintiff-worker in a compensation action has the burden of establishing a work-related accident by a *757 preponderance of the evidence. Id.; Nelson [v. Roadway Express, Inc., 588 So.2d 350], supra [ (La.1991) ]. A worker’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979); Malone and Johnson, 13 Louisiana Civil Law Treatise, Workers’ Compensation, § 253 (2d Ed. 1980). Corroboration of the worker’s testimony may be provided by the testimony of fellow workers, spouses or friends. Malone & Johnson, supra; Nelson, supra. Corroboration may also be provided by medical evidence. West, supra.
In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness’s uncontradicted testimony, although the witness is a party, absent “circumstances easting suspicion on the reliability of this testimony.” West, 371 So.2d at 1147; Holiday v. Borden Chemical, 508 So.2d 1381, 1383 (La.1987). The trial court’s determinations as to whether the worker’s testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. Gonzales v. Babco Farms, Inc., 535 So.2d 822, 824 (La.App. 2d Cir.), writ denied, 536 So.2d 1200 (La.1988) (collecting | ficases). Indeed, the manifest error/clearly wrong standard of appellate review applies in compensation actions even when the trial court’s decision is based solely upon written reports, records or depositions. Virgil v. American Guarantee and Liability Insurance Co., 507 So.2d 825 (La.1987).
While plaintiffs testimony alone may be sufficient to carry her burden, here the existing circumstances cast doubt on plaintiffs claim that her symptoms caused by her work-related accident continued to manifest themselves. Following plaintiffs job-related injury, plaintiff returned to work after several weeks and performed her duties until terminated. Plaintiff testified she would have remained at her position had she not been terminated. After her termination in April and until her subsequent injury in July, plaintiff did not seek medical treatment. She further testified she was able to do housework and yardwork. The only medical evidence presented in this case was in the form of medical records. None of the medical reports related the July 8, 1991 injury to the work-related accident. For these reasons, we find the hearing officer’s factual determination, which involved the credibility of the plaintiff, is sufficiently supported by the record. We find no manifest error in the hearing officer’s determination that the subsequent disability was not causally connected to plaintiffs injury sustained in her job-related accident.
For the foregoing reasons, the judgment of the hearing officer is affirmed at plaintiff-appellant’s cost.
AFFIRMED.